STATE, Respondent, v. WELKOS, Appellant.

*June 6—June 27, 1961.*

For the appellant there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Alfred L. Godfrey.*

For the respondent there was a brief by *Joseph E. Tierney,* assistant district attorney and special prosecutor for Walworth county, and oral argument by *Mr. Tierney* and by *Mr. William A. Platz,* assistant attorney general.

CURRIE, J.   The defendant contends that the circuit court acted illegally in imposing as a condition of the defendant's probation the terms that he pay, as costs of prosecution, the attorney's fees of the special prosecutor, and the cost to the county of the audit made by the state of the defendant's records as justice of the peace.  No claim is made that the defendant does not possess the financial means to pay such expenses.  The controlling statute is sec. 57.01 (1), Stats., which reads in part as follows:

"When a person is convicted of a felony (convictions under sec. 52.05 excepted) and it appears to the court from his character and the circumstances of the case that he is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law, the court may, by order, withhold sentence or impose sentence and stay its execution and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose as a condition of such order or of continuing it in effect that he shall make restitution or pay *the costs of prosecution* or do both." (Italics supplied.)

It is the position of the defendant that the italicized words *"the costs of prosecution"* have been defined by the legisla-

ture in sec. 959.055, Stats.,[1] and that such definition excludes the items of expense here at issue.

An analysis of sec. 959.055, Stats., discloses that sub. (1) thereof provides that when a fine is imposed the court shall also sentence the defendant "to pay the costs of the prosecution." However, sub. (2) limits the "costs taxable against the defendant" to certain enumerated items, none of which are broad enough in scope to embrace the attorney fees of a special prosecutor or the expense of an audit, which audit is made use of in the prosecution to convict the defendant. The crucial question on this appeal is whether the limita-

[1] Sec. 959.055 reads:

"IMPRISONMENT FOR NONPAYMENT OF FINES; COSTS; EXECUTION. (1) When a fine is imposed, the court shall also sentence the defendant to pay the costs of the prosecution and the costs incurred by the county at his request and to be committed to the county jail until the fine and costs are paid or discharged; but the time of imprisonment, in addition to any other imprisonment, shall not exceed six months; and a property execution may issue against the defendant for said fine and costs. When the costs cannot be so collected from the defendant or when the defendant is acquitted the county shall pay the costs.

"(2) The costs taxable against the defendant shall consist of the following items and no other:

"(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, examination, and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed by the governor or peace officer in returning the defendant from another state or country.

"(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

"(c) Fees and disbursements allowed by the court to expert witnesses appointed under sec. 959.27.

"(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

"(e) Attorney fees paid to the defense attorney by the county.

"(3) The court may remit the taxable costs, in whole or in part."

tions of sub. (2) of sec. 959.055, are also applicable to sec. 57.01 (1).

In the absence of sub. (2) of sec. 959.055, Stats., we would have no hesitancy in holding that the phrase "the costs of prosecution" appearing in sec. 57.01 (1) governing probation did include such items of actual expense incurred in prosecuting the defendant as the special prosecutor's fees and the cost of the audit in the instant case. To hold otherwise, it would be necessary to read into the statute a limitation upon the plain meaning of the words employed by the legislature. There would be no justification for so doing. Probation is not a matter of right but a privilege extended to a convicted criminal defendant. *State v. Scherr* (1960), 9 Wis. (2d) 418, 423, 101 N. W. (2d) 77. It is only fair and equitable that a defendant, who possesses the financial means to reimburse the county for its expenses of prosecution, should be required to do so as a condition to being granted probation.

In interpreting a statute it is necessary to consider other statutes dealing with the same class of persons. 82 C. J. S., Statutes, p. 801, sec. 366 a. It is for this reason that we must also give attention to sec. 959.055, Stats., in construing sec. 57.01. In this connection, we deem the statutory history of both sections to be significant.

Sec. 4633, R. S. 1878, is the predecessor to sec. 959.055, formerly numbered sec. 353.25. It contained the provision now found in sub. (1) of the latter statute which requires, in a situation where a fine has been imposed, that the court "shall also sentence the defendant to pay the costs of the prosecution." The predecessor statute to sec. 57.01 is sec. 4734a, enacted by ch. 541, Laws of 1909. As originally enacted it did not contain any provision referring to the conditions which the court might impose in granting probation to a convicted criminal defendant. However, such sec. 4734a

was amended by ch. 615, Laws of 1919, by adding thereto the following:

"and [the court] may impose as a condition of making the order [granting probation] or of continuing the same in effect that the defendant shall make restitution or pay *the costs of prosecution,* or do both." (Italics supplied.)

The Advisory Committee on Rules of Pleading, Practice and Procedure submitted to the 1949 legislature many proposed statutory amendments, revisions, and enactments, and Bill No. 474, S., was introduced in such legislature embodying the same. Sec. 21 of such bill provided for adding subs. (2) and (3) to sec. 353.25 (later renumbered sec. 959.055, Stats.). Such proposed subs. (2) and (3) of sec. 353.25 read the same as present subs. (2) and (3) of sec. 959.055, except for the statute number referred to in sub. (2) (c). The comments of the advisory committee, which explained the changes made by such Bill No. 474, S., were set forth in the bill. The comment with respect to creating sub. (2) of sec. 353.25 (now sec. 959.055) stated:

"353.25 (2) is inserted to make definite the items of costs which may be taxed against the defendant in a criminal case."

Such Bill No. 474, S., was enacted as ch. 631, Laws of 1949. Later in 1955 the number of sec. 353.25, Stats., was changed to sec. 959.055.

This statutory history gives rise to a strong inference that the Advisory Committee on Rules of Pleading, Practice and Procedure, in proposing the addition of sub. (2) to sec. 353.25 (now sec. 959.055, Stats.), was not concerned with the costs of prosecution which a court might impose as a condition for probation, but only with enumerating the type of charge which might be taxed as costs against a convicted defendant as part of the sentence when a fine is imposed. This is because none of the many changes proposed by such

advisory committee in Bill No. 474, S., introduced into the 1949 legislature made any mention of sec. 57.01, the probation statute. There is no evidence that the legislature possessed any different intent than did the advisory committee when it adopted the 1949 recommendations of the latter.

Furthermore, the words "costs of prosecution" as used in sec. 57.01, Stats., are not words of art which are synonymous with taxable costs. Therefore, when the legislature defined taxable costs in a criminal case by its 1949 enactment, it did not necessarily impose the same limitations upon "costs of prosecution" as employed in sec. 57.01, the probation statute.

It is our considered judgment that the act of the 1949 legislature in changing sec. 353.25 (now sec. 959.055, Stats.) and not at the same time making a like change in sec. 57.01, is controlling of the result. It has been held that, where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed. 82 C. J. S., Statutes, p. 813, sec. 366 a; *Richfield Oil Corp. v. Crawford* (1952), 39 Cal. (2d) 729, 735, 249 Pac. (2d) 600, 604; *People v. Valentine* (1946), 28 Cal. (2d) 121, 142, 169 Pac. (2d) 1, 14.

We, therefore, determine that there existed no statutory bar to the circuit court's requiring the defendant to pay as costs of prosecution the expense of the special prosecutor's fees and the costs of the audit as a condition to the defendant's probation. No argument has been advanced that such requirement constituted an abuse of discretion, and neither is there anything in the record which would tend to support such a contention.

*By the Court.*—Judgment affirmed.