KIMBERLY-CLARK CORPORATION, Petitioner-Appellant,†

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent,

CITY OF NEENAH, Intervenor-Respondent.

Court of Appeals

*No. 81–977. Submitted on briefs December 31, 1981.—
Decided March 10, 1982.*
(Also reported in 320 N.W.2d 5.)

† Petition to review granted.

For the petitioner-appellant the cause was submitted on the brief of *L.C. Hammond, Jr.* and *Mary Pat Koesterer* of *Quarles & Brady* of Milwaukee.

For the respondent the cause was submitted on the brief of *Steven M. Schur* and *Steven Levine* of the *Public Service Commission of Wisconsin.*

Before Voss, P. J., Brown and Scott, JJ.

VOSS, P.J.   Kimberly-Clark Corporation appeals from a judgment affirming a declaratory ruling of the Public

Service Commission (PSC). At issue is the single question of whether the Public Service Commission, under sec. 66.076(9), Stats. (1975), has the authority to set sewage rates retroactively and order rate refunds. This court holds that they do not and affirms the ruling of the trial court.

The City of Neenah established sewer system user rates through an ordinance passed on May 15, 1974 which became effective June 1, 1974. The rate was amended on April 20 and May 19 in 1976. The city designed the rates to charge each user in proportion to its use. During a period between June 1, 1974 and December 31, 1976, the city charged Kimberly-Clark $825,813 for sewer service. Kimberly-Clark alleges that through misallocation of various expenses and charges unrelated to usage, it was overcharged $236,136 during that period of time.

Kimberly-Clark filed a complaint against the City of Neenah and the Neenah-Menasha Joint Sewage Commission with the Public Service Commission on March 2, 1977. In the complaint, it asked the PSC to review the rate structure the city had enacted, to find the rates had discriminated against Kimberly-Clark and to order a refund. On July 20, 1977, the PSC scheduled a hearing for October 10, 1977. The hearing was postponed until December 12, 1977, with a summary of evidence to be filed by November 15, 1977. Additional delays occurred, and a prehearing conference was held on February 20, 1978. At that hearing, the city and Kimberly-Clark agreed to submit to the PSC the question of whether the PSC has the authority under sec. 66.076(9), Stats., to set retroactive rates and order refunds.

On July 13, 1978, the PSC issued its declaratory ruling. It stated that the PSC did not have the statutory authority to engage in retroactive ratemaking. The PSC made no determination on the factual issue of whether Kimberly-Clark had been charged an unreasonable rate.

On August 14, 1978, Kimberly-Clark petitioned for review of the PSC's declaratory ruling in the circuit court for Winnebago county. The court heard oral arguments on August 17, 1979. On March 12, 1981, the circuit court issued its decision affirming the PSC's ruling. The court entered judgment on its decision on April 13, 1981. Kimberly-Clark appeals from that judgment.

On this appeal, Kimberly-Clark contends that sec. 66.076(9), Stats. (1975),[1] authorizes the PSC to review municipally set sewer rates and order refunds for overcharges. Section 66.076(9), Stats. (1975), states:

Upon complaint to the public service commission by any user of the service that rates, rules and practices are unreasonable or unjustly discriminatory, or upon complaint of a holder of a mortgage bond or mortgage certificate or other evidence of debt, secured by a mortgage on the sewerage system or any part thereof or pledge of the income of sewerage service charges, that rates are inadequate, the public service commission shall investigate said complaint, and if sufficient cause therefor appears shall set the matter for a public hearing upon 10 days' notice to the complainant and the town, village or city. After such hearing, if the public service commission shall determine that the rates, rules or practices complained of are unreasonable or unjustly discriminatory, it shall determine and by order fix reasonable rates, rules and practices and shall make such other order respecting such complaint as may be just and reasonable. The proceedings herein shall be governed, as far as applicable, by ss. 196.26 to 196.40.

Kimberly-Clark contends that the language of the statute allowing the PSC to "make such other order respecting such complaint as may be just and reasonable" authorizes

---

[1] The statute in the order under review is the 1975 version of sec. 66.076(9), Stats. The statute was amended by ch. 29, sec. 713, Laws of 1977. The change in the statute was primarily stylistic and has no effect on this case.

the PSC to set rates retroactively and order refunds. We do not agree.

In construing a statute, this court must first look at the language of the statute itself. *State v. Consolidated Freightways Corp.*, 72 Wis.2d 727, 737, 242 N.W.2d 192, 197 (1976). "When a statute is ambiguous, it is permissible to look to the legislative intent, which is to be found in the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished." *Wisconsin Environmental Decade v. Public Service Commission*, 81 Wis. 2d 344, 350, 260 N.W.2d 712, 715 (1978). A statute is ambiguous when it is capable of being understood in different senses by reasonably well-informed persons. *City of Milwaukee v. Lindner*, 98 Wis. 2d 624, 632, 297 N.W.2d 828, 832 (1980). Resort to legislative history and canons of construction is not allowed if the legislation is clear on its face. *Honeywell, Inc. v. Aetna Casualty and Surety Co.*, 52 Wis. 2d 425, 429, 190 N.W.2d 499, 501 (1971).

We hold that the language "make such other order respecting such complaint as may be just and reasonable" is ambiguous. The language alone does not indicate whether or not the PSC has power to set rates retroactively and order refunds. Consequently, we must resort to rules of construction to determine if sec. 66.076(9), Stats., enables the PSC to set rates retroactively.

The Public Service Commission is an administrative agency created by the legislature. "Its powers are limited by the statutes conferring the power expressly or by fair implication." *Mid-Plains Telephone, Inc. v. Public Service Commission*, 56 Wis. 2d 780, 786, 202 N.W.2d 907, 910 (1973). Any reasonable doubt as to the existence of an implied power in an agency should be resolved

against the exercise of such authority. *Elroy-Kendall-Wilton Schools v. Cooperative Educational Service Agency, District 12,* 102 Wis. 2d 274, 278, 306 N.W.2d 89, 91 (Ct. App. 1981).

Three factors help to determine the legislative intent of the statute. First, three other statutes expressly empower the PSC to set rates retroactively and order refunds in other instances. These statutes are sec. 195.37 (1), Stats. (1975), sec. 59.964, Stats. (1977), and the former sec. 66.208(2), Stats. (1969).

Section 195.37(1), Stats. (1975), states:

> The commission may investigate and hear the complaint of any person aggrieved that the charge exacted for the transportation of property between points in Wisconsin, or for any service in connection therewith, or that the charge exacted for the storage of such property, or that any car service or demurrage charge exacted is erroneous, illegal, unusual or exorbitant. *If the commission shall find that the rate or charge exacted is erroneous, illegal, unusual or exorbitant, it shall find what would have been a reasonable rate or charge for such service. If the rate or charge so found shall be less than the charge exacted, the carrier shall refund the excess.* [Emphasis added.]

This statute clearly grants the commission the power to set retroactive rates and order refunds.

Section 59.964(6), Stats. (1977),[2] concerns joint action by a sewerage commission of a city of the first

---

[2] In its brief at page 13, the appellant cites sec. 59.964(6), Stats., and concludes from the language of the statute that "[i]t is obvious that the legislature intended the commission to order refund orders." Somewhat startlingly, in its reply brief at pages eight and nine, it cites the last sentence of the same statute and concludes, "[t]his sentence does not provide that the Public Service Commission has power to order refunds." The two comments are irreconcilable. This court finds itself in agreement with the appellant's first conclusion that the PSC has power to order refunds.

class and a metropolitan sewerage commission. The last sentence of sec. 59.964(6), Stats. (1977), states:

If any user pays a charge and the public service commission or court, on appeal from the public service commission, finds such charge, after reviewing a complaint filed under this subsection, to be excessive, the commission which collected the charge shall refund to the user the excess plus the interest thereon computed at the rate then paid by the city of the 1st class for borrowing funds for a term of one year or less.

The language of the statute creates the power in the PSC to order the commission collecting the charge to refund the excess paid.

Both statutes, sec. 195.37, Stats. (1975), and sec. 59.964(6), Stats. (1977), deal with refunds for excessive charges. The former sec. 66.208, Stats. (1969),[3] dealt with appeals by state and county institutions of rates set by the commissioners of their district. The statute allowed appeals by these institutions and provided for retroactive ratemaking.

---

[3] Sections 66.208(2)(b) and (c), Stats., stated:

(b) If the governing body of such state or county institution or premises, or of the municipality shall not be satisfied with the amount of the cost as fixed by the commissioners, they may, within 30 days, apply to the public service commission, upon reasonable notice to be given to the commissioners of the sewerage district, to be fixed by the public service commission by service on the secretary of the commissioners of the sewerage district, and said public service commission shall, upon hearing, determine and fix the proper amount of the cost of such service.

(c) The state, county or municipality shall pay the amount of the cost of such service to the treasurer of the district from time to time, as shall be fixed and determined by the commissioners of the district, unless the municipality, state or county shall have appealed to the public service commission, in which case payment shall be made within 30 days after the determination of the proper amount by the public service commission, and thereafter from time to time as shall be fixed and determined by the commissioners of the district.

The fact that all three statutes contained specific language dealing with retroactive ratemaking and refunds while sec. 66.076(9), Stats. (1975), does not is significant in determining legislative intent. "[W]here a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed." *State v. Welkos,* 14 Wis. 2d 186, 192, 109 NW2d 889, 892 (1961).

A second factor which establishes that sec. 66.076(9), Stats. (1975), does not create the power to set rates retroactively is the language of the statute itself. The last sentence of sec. 66.076(9), Stats. (1975), states: "The proceedings herein shall be governed, as far as applicable, by ss. 196.26 to 196.40." These sections deal with the hearings conducted to regulate public utilities. Section 196.37(1), Stats., specifically limits the ability of the PSC to set rates. It states:

(1) Whenever upon an investigation made under the provisions of chapters 196 and 197 the commission shall find rates, tolls, charges, schedules or joint rates to be unjust, unreasonable, insufficient or unjustly discriminatory or preferential or otherwise unreasonable or unlawful, *the commission shall determine and by order fix reasonable rates, tolls, charges, schedules or joint rates to be imposed, observed and followed in the future* in lieu of those found to be unreasonable or unlawful. [Emphasis added.]

This statute only grants the PSC power to set *future rates.* The interrelationship of secs. 66.079(9) and 196.37 (1), Stats., indicates that sec. 66.076(9), Stats., only allows the PSC to set future rates, not past retroactive rates.

A third factor indicating that the legislature did not intend to provide for retroactive ratemaking and refunds

is the interrelationship between secs. 66.076(9) and 66.077, Stats. Section 66.077(1), Stats., allows towns, villages and cities of the fourth class to combine the water and sewer commissions to create a single public utility. Section 66.077(2), Stats., specifically states that all the regulatory provisions of ch. 196 apply to the combined water and sewage disposal system. This means that according to sec. 196.37(1), Stats., the PSC could only *review* past rates, but it may *set* rates for the future.

Kimberly-Clark contends that the PSC can set sewage system rates retroactively and can order refunds under sec. 66.076(9), Stats. (1975). If this court were to accept Kimberly-Clark's argument, secs. 66.076(9) and 66.077, Stats., would be interpreted in conflicting ways. If a sewage commission were organized under sec. 66.076, Stats., the PSC could review its rates, set retroactive rates and order refunds. However, if the sewage commission were organized under sec. 66.077, Stats., the PSC could review its rates but only set rates for the future. In construing a statute, a court will always reject an unreasonable construction of a statute where a reasonable construction is possible. *Falkner v. Northern States Power Co.*, 75 Wis. 2d 116, 124, 248 N.W.2d 885, 890 (1977). Consequently, this court holds that sec. 66.076(9), Stats. (1975), did not allow the PSC to set rates retroactively or to order refunds.

Kimberly-Clark finally argues that if the PSC cannot set retroactive rates and order refunds, it has been wronged and has no remedy, in violation of WIS. CONST., art. I, § 9. We disagree.

The city ordinance setting the sewer rates which Kimberly-Clark now challenges was revised on May 15, 1974. These rates did not take effect until June 1, 1974. At any time prior to the point at which the rates

took effect, Kimberly-Clark could have sought an injunction to prevent the rates from taking effect or filed a complaint with the PSC. It did not do either. It finally filed a complaint with the PSC almost three years after the initial rate went into effect. This was also almost one year after the period for which it now seeks a refund. Kimberly-Clark had the opportunity to prevent what it now claims is an unjust rate from taking effect, and it did nothing.

Additionally, this court agrees with the PSC that Kimberly-Clark misperceives the purpose and scope of sec. 66.076(9), Stats. The statute does not define a tort. Ratemaking is a legislative function which looks to the future. *Friends of the Earth v. Public Service Commission*, 78 Wis. 2d 388, 411–12, 254 N.W.2d 299, 308–09 (1977). Section 66.076(9), Stats., allows a user to question a rate before it takes effect. Also, should the rate become unreasonable or unjust because of changed circumstances, it allows a user to bring the unfairness to the attention of the PSC so the PSC may set a more reasonable rate. Consequently, we do not believe that this is a situation where Kimberly-Clark has been denied a right to a remedy for a recognized wrong.

*By the Court.*—Judgment affirmed.