KIMBERLY-CLARK CORPORATION, Appellant-Petitioner,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent,

CITY OF NEENAH, Intervenor-Respondent.

Supreme Court

*No. 81–977. Argued January 4, 1983.—Decided February 3, 1983.*

(Also reported in 329 N.W.2d 143.)

For the appellant-petitioner there were briefs by *L.C. Hammond, Jr., Mary Pat Koesterer* and *Quarles & Brady,* Milwaukee, and oral argument by *Mr. Hammond.*

For the respondent the cause was argued by *Steven Levine,* assistant chief counsel, with whom on the brief was *Steven M. Schur,* chief counsel.

BEILFUSS, C. J.   This is a review of a decision of the court of appeals, *Kimberly-Clark Corp. v. Public*

*Service Comm.*, 107 Wis. 2d 177, 320 N.W.2d 5 (Ct. App. 1982), which affirmed the judgment of the trial court in a ch. 227 review proceeding. The trial court affirmed the Public Service Commission's (PSC) declaratory ruling and order that it lacked the authority to retroactively set sewerage rates for a municipal sewerage system.

The City of Neenah (City) established a sewer system user rate structure by an ordinance revised on May 15, 1974 and effective June 1, 1974. The rate structure was amended in April and May of 1976. The structure created by the City was designed to charge each user of the system in proportion to its use.

The Kimberly-Clark Corporation owns two paper mills located in the City of Neenah which discharge waste water into the Neenah-Menasha Sewerage Commission treatment system.[1] Pursuant to the ordinance the City charged Kimberly-Clark $825,813 for sewerage service during the period between June 1, 1974 and December 31, 1976.[2]

Kimberly-Clark objected to the amount charged during this period claiming that the rate structure was unreasonable and discriminatory and deducted approximately $150,000 from the City's billings as its initial estimate of the overcharge. On March 2, 1977, Kimberly-Clark filed a complaint with the PSC against the City and the Neenah-Menasha Sewerage Commission pursuant

[1] Sec. 66.076(1), Stats., allows a municipality to arrange for service to be furnished by a joint sewerage system. The Neenah-Menasha Sewerage Commission is a joint sewerage commission established under sec. 144.07. The commission annually adopts a budget stating its costs, a portion of which is attributed to the cities of Neenah and Menasha. The cities raise this amount by taxation or service charges.

[2] Since December 31, 1976, Kimberly-Clark has used its own facilities for the treatment of industrial waste and uses the Neenah-Menasha system only for the disposal of its municipal waste.

to sec. 66.076(9), Stats. 1975.[3] Kimberly-Clark alleged that through misallocation of various expenses and charges unrelated to use the City overcharged it in the amount of $236,136. Kimberly-Clark asked the PSC to review the rate structure, to find that the City discriminated against Kimberly-Clark and to order a refund.

The PSC originally scheduled a hearing on the complaint for October 10, 1977. The hearing was delayed and a prehearing conference was held on February 20, 1978. At that hearing the City and Kimberly-Clark agreed to submit to the PSC, pursuant to sec. 227.06, Stats., the question of whether the PSC has the authority under sec. 66.076(9) to set retroactive rates and order refunds.

On July 13, 1978, the PSC issued a declaratory ruling in which it concluded that it did not have the statutory

---

[3] Sec. 66.076(9), Stats. 1975, provides:

"(9) Upon complaint to the public service commission by any user of the service that rates, rules and practices are unreasonable or unjustly discriminatory, or upon complaint of a holder of a mortgage bond or mortgage certificate or other evidence of debt, secured by a mortgage on the sewerage system or any part thereof or pledge of the income of sewerage service charges, that rates are inadequate, the public service commission shall investigate said complaint, and if sufficient cause therefor appears shall set the matter for a public hearing upon 10 days' notice to the complainant and the town, village or city. After such hearing, if the public service commission shall determine that the rates, rules or practices complained of are unreasonable or unjustly discriminatory, it shall determine and by order fix reasonable rates, rules and practices and shall make such other order respecting such complaint as may be just and reasonable. The proceedings herein shall be governed, as far as applicable, by ss. 196.26 to 196.40."

It is the 1975 version of this statute which is under review in this case. The statute was amended by ch. 29, sec. 713, Laws of 1977. This amendment was primarily stylistic and has no effect on the construction of the statute in this case. All statutory references in this opinion are to the 1975 statutes unless otherwise indicated.

authority to set rates retroactively. This ruling was based on the following conclusions of law:

"1. That the words 'make such other order respecting such complaint as may be just and reasonable' as used in section 66.076(9) are not intended to include an order that sets retroactive rates.

"2. That since the last sentence in section 66.076(9) provides that 'the proceedings herein shall be governed, as far as applicable, by ss. 196.26 to 196.40' and since such sections of Chapter 196, particularly s. 196.37, do not authorize retroactive rate making, it is clear that s. 66.076(9) does not authorize retroactive rate making.

"3. That the commission generally does not have statutory authority to engage in retroactive rate making. That without specific authority the commission is only authorized to set rates for the future. *Friends of Earth v. Public Service Commission,* supra.

"4. That in instances where the Legislature has adopted laws where the commission was intended to have the power to set rates for services provided in the past, the legislation specifically granted the commission power to retroactively set rates. See s. 195.37(1), Wis. Stats., 1975 and Chapter 382, Laws of 1977."

The PSC made no determination as to the merits of Kimberly-Clark's claim that sewerage rates were unreasonable and discriminatory and no hearing was held on this issue.

On August 14, 1978, Kimberly-Clark petitioned for review of the PSC's declaratory ruling in the circuit court for Winnebago County. The circuit court affirmed the PSC's ruling, holding that sec. 66.076(9), Stats., was unambiguous and did not authorize the PSC to set sewerage rates retroactively. The court entered judgment affirming the order of the PSC.

The court of appeals affirmed. Although it found sec. 66.076(9), Stats., to be ambiguous,[4] the court also held

---

[4] The court found the language "made such other order respecting such complaint as may be just and reasonable" to be ambiguous.

that the statute did not authorize retroactive rate making. The court's reasoning was threefold. First, the court concluded that because other statutes expressly authorize the PSC to set rates retroactively and order refunds, the absence of such explicit language demonstrates that such power is lacking under sec. 66.076(9). Second, the court held that the prohibition against retroactive rate making in sec. 196.37(1) was applicable to sec. 66.076(9) because such prohibition was incorporated into sec. 66.076(9) by the last sentence of the statute. Finally, the court relied on the interrelationship between sec. 66.076(9) and sec. 66.077, both of which deal with the sewerage service rates, and held that retroactive rate making was prohibited under both statutes. The court concluded that Kimberly-Clark was not denied a remedy for a wrong because it could have sought relief at an earlier stage.

The issue on review is whether the PSC has the authority pursuant to sec. 66.076(9), Stats., to set retroactive rates and order refunds. We hold that the PSC lacks retroactive rate making authority because sec. 66.076(9) does not expressly or impliedly grant such power.

Sec. 66.076, Stats., governs the establishment and operation of municipal sewerage systems. Pursuant to this statute, municipalities are authorized to establish a system of sewerage service charges to meet all or part of the capital and operating expenses of municipal sewer systems. A municipally owned sewerage system is not a "public utility" as defined in sec. 196.01(1) and is not regulated as such by the PSC. Thus, sewerage service rates adopted pursuant to sec. 66.076 are not subject to prior review or approval by the PSC as is true in the case of public utility rates.[5]

---

[5] But *see* sec. 66.077, Stats., which allows municipalities to combine their water and sewer systems. In this situation the PSC

However, following the enactment of such a rate structure by a municipality, a user may file a complaint with the PSC if the user believes the rates to be unreasonable or discriminatory. Sec. 66.076(9), Stats. Pursuant to sub. (9), the PSC has exclusive jurisdiction over complaints alleging unreasonable or discriminatory sewer rates. *Wm. H. Heinemann Creameries v. Kewaskum,* 275 Wis. 636, 640, 82 N.W.2d 902 (1957).

It is the scope of the PSC's authority to grant relief under sec. 66.076(9), Stats., which is at issue in the present case. When a complaint is filed pursuant to this statute, the PSC must investigate and if there is sufficient cause, set the case for a public hearing. Following the hearing, if the PSC determines that rates are unreasonable or unjustly discriminatory, sec. 66.076(9) authorizes the PSC to "determine and by order fix reasonable rates, rules and practices and shall make such other order respecting such complaint as may be just and reasonable."

The parties differ as to the scope of the remedial authority vested in the PSC by the language "and shall make such other order respecting such complaint as may be just and reasonable." Kimberly-Clark contends that this language grants broad authority in the PSC which includes the power to order a refund of rates that were paid in excess of what the PSC determines to be reasonable. The PSC contends that the ordering of refunds constitutes improper retroactive rate making, which the PSC can not do in the absence of express or implied statutory authority. It argues that no such express or implicit grant of power can be found in the general language of sec. 66.076(9), Stats.

The PSC, as an agency created by the legislature, has only those powers which are expressly conferred or

sets the original sewer rates and regulates the utility pursuant to chs. 66, 196 and 197.

which are necessarily implied by the statutes under which it operates. *Elroy-Kendall-Wilton Schs. v. Coop. Educ. Serv.*, 102 Wis. 2d 274, 278, 306 N.W.2d 89 (Ct. App. 1981). Therefore we begin our analysis of the authority of the PSC to order refunds under sec. 66.076(9), Stats., with an examination of the statute itself.

Sec. 66.076(9), Stats., provides that if the PSC finds the rates to be unjust, it may (1) set reasonable rates and (2) make such order regarding the complaint as may be just and reasonable. The statute clearly does not expressly authorize the PSC to refund excessive rates. It must therefore be determined whether such power is implied from the language of the statute. Any reasonable doubt as to the existence of an implied power in an agency should be resolved against the exercise of such authority. *Elroy-Kendall-Wilton Schs.*, 102 Wis. 2d at 278. We agree with the court of appeals that the language "make such other order respecting such complaint as may be just and reasonable" is ambiguous. We must therefore apply principles of statutory construction to determine the intent of the legislature.

The first rule we apply is that the primary source of construction is the language of the statute. *Milwaukee v. Lindner*, 98 Wis. 2d 624, 634, 297 N.W.2d 828 (1980). The last sentence of sec. 66.076(9), Stats., provides: "The proceedings herein shall be governed, as far as applicable, by ss. 196.26 to 196.40." Sec. 196.37(1), which is one of the statutes incorporated into sec. 66.076 (9) by this language, provides:

"196.37 **Lawful rates; reasonable service.** (1) Whenever upon an investigation made under the provision of chapters 196 and 197 the commission shall find rates, tolls, charges, schedules or joint rates to be unjust, unreasonable, insufficient or unjustly discriminatory or preferential or otherwise unreasonable or unlawful, the

commission shall determine and by order fix reasonable rates, tolls, charges, schedules or joint rates to be imposed, observed and followed *in the future* in lieu of those found to be unreasonable or unlawful." (Emphasis supplied.)

Sec. 196.37(1), Stats., is similar to sec. 66.076(9) in that it specifies the PSC's remedial authority following a determination that public utility rates are unreasonable or unjustly discriminatory. The statute expressly limits the PSC's authority to setting rates prospectively only. Because sec. 196.37(1) is incorporated into sec. 66.076(9), we agree with the court of appeals that pursuant to sec. 66.076(9) the PSC may only set future rates, not retroactive rates.

The next rule of construction that requires the conclusion that the legislature did not intend to grant retroactive rate making power under sec. 66.076(9), Stats., is that "where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed." *State v. Welkos,* 14 Wis. 2d 186, 192, 109 N.W.2d 889 (1961). The legislature in two statutes which also deal with PSC review of unreasonable rates and the scope of its remedial power to correct the situation, expressly and unambiguously include the authority to order refunds of excessive rates.

The first statute is sec. 195.37(1), Stats., which empowers the PSC to grant refunds of excessive transportation rates:

"195.37 **Freight charges; collection, refund.** (1) COM-PLAINTS, INVESTIGATIONS, HEARINGS, FINDINGS, REFUND. The commission may investigate and hear the complaint of any person aggrieved that the charge exacted for the transportation of property between points in Wisconsin,

or for any service in connection therewith, or that the charge exacted for the storage of such property, or that any car service or demurrage charge exacted is erroneous, illegal, unusual or exorbitant. *If the commission shall find that the rate or charge exacted is erroneous, illegal, unusual or exorbitant, it shall find what would have been a reasonable rate or charge for such service. If the rate or charge so found shall be less than the charge exacted, the carrier shall refund the excess.*" (Emphasis supplied.)

The second statute is sec. 59.964(6), Stats. 1977,[6] which provides for PSC review of sewerage user rates set by the Milwaukee Metropolitan Sewerage Commission. The last sentence of this statute provides:

"If any user pays a charge and the public service commission or court, on appeal from the public service commission, finds such charge, after reviewing a complaint filed under this subsection, to be excessive, the commission which collected the charge shall refund to the user the excess plus the interest thereon computed at the rate then paid by the city of the 1st class for borrowing funds for a term of one year or less."

Both these statutes by very specific language empower the PSC to set retroactive rates and order refunds. The absence of similar express language in sec. 66.076(9), Stats., demonstrates that the legislature did not intend to grant such power by the general language allowing orders which are just and reasonable.

Further evidence that the legislature did not empower the PSC with retroactive rate making authority in sec. 66.076(9), Stats., is the legislative history of sec. 59.964 (6), Stats. 1977. Sec. 59.964(6) is part of sec. 59.964 which authorizes the Milwaukee Metropolitan Sewerage

---

[6] This statute has been amended and renumbered sec. 66.912 (5), Stats., by ch. 282, Laws of 1981. The amendments did not change the language discussed here.

Commission to institute a system of sewer user rates.
Sec. 59.964 was enacted by ch. 382, Laws of 1977, in
response to federal legislation which required the insti-
tution of a system of user charges for sewer treatment
in order to continue receiving federal funds for sewerage
treatment construction.[7] The drafting records indicate
that sec. 66.076(9) was used as a model for sec. 59.964
(6), Stats. 1977, and as originally introduced the statute
did not contain any language expressly authorizing re-
funds. Rather, the statute contained language *identical*
to the language of sec. 66.076(9) under review here.
While this language remained in the statute as enacted,
the legislature also added the provision discussed above
explicitly empowering the PSC to order refunds. If the
legislature believed that the language of sec. 66.076(9),
authorizing orders which are just and reasonable, was
sufficient to give the PSC retroactive rate making au-
thority it would not have intentionally placed such ex-
press language in sec. 59.964(6). Thus, the legislative
history of sec. 59.964(6) further demonstrates the legis-
lature's intent that specific language is required to au-
thorize the PSC to order refunds following a determina-
tion that sewerage rates are unreasonable or discrimi-
natory.

Moreover, the legislature amended sec. 66.076(9),
Stats.,[8] in the same session in which it enacted sec.
59.964(6), Stats. 1977. The amendment was primarily
stylistic and the legislature did not add any specific lan-
guage authorizing refunds as it had in sec. 59.964(6).
The fact that the legislature amended sec. 66.076(9) in
the same session without adding specific refund language
is further evidence that it did not intend to authorize the

[7] Prior to 1977 the Milwaukee Sewerage Commission financed
its sewer system through taxes.

[8] *See* note 3, *supra.*

PSC to order refunds pursuant to the general language of sec. 66.076(9).

Another principle of statutory construction that leads to the conclusion that the authority to set retroactive rates is absent from sec. 66.076(9), Stats., is the rule that the construction and interpretation of a statute, by the agency which is charged with the duty of enforcing it, is entitled to great weight. *Pigeon v. Department of Industry,* 109 Wis. 2d 446, 326 N.W.2d 752 (1982). The PSC in its declaratory ruling interpreted sec. 66.076(9) and found that the statute did not authorize retroactive rate making and therefore it could not order a refund.[9] While the interpretation of a statute is a question of law and therefore the agency's construction is not binding on this court, we have consistently held that such an interpretation will not be reversed where it is " 'one among several reasonable interpretations that can be made, equally consistent with the purpose of the statute.' " *Id.,* quoting *De Leeuw v. ILHR Dept.,* 71 Wis. 2d 446, 449, 238 N.W.2d 706 (1976). Here the agency's interpretation is not only reasonable but is the only one that is mandated by the application of basic principles of statutory construction.

Our holding today that retroactive rate making is not authorized by the general language of sec. 66.076(9), Stats., is also in accord with prior decisions of this court. We have consistently held that rate making is an essentially legislative function which, in the absence of statutory authority to the contrary, is limited to fixing rates to be applied prospectively. *See, Friends of Earth v. Public Service Commission,* 78 Wis. 2d 388, 411–12, 254 N.W.2d 299 (1977), and cases cited therein. While these

---

[9] The statutory interpretation of the agency in this case is not longstanding, nevertheless it is significant.

cases dealt with the setting of public utility rates, we believe that the prohibition against retroactive rate making applies equally to the fixing of sewerage rates pursuant to sec. 66.076(9).

Kimberly-Clark points to the inconsistency between allowing refunds of overcharges to users of a sewer system which has its rates set by the Milwaukee Metropolitan Sewerage Commission pursuant to sec. 59.964, Stats. 1977, and denying such refunds to users in the rest of the state. While this court recognizes this inconsistency, we do not deem this sufficient reason to override the intent of the legislature, the interpretation of the PSC and the decisions of this court on the subject of retroactive rate making.

First, if we were to find that retroactive rate making is authorized under sec. 66.076(9), Stats., the same inconsistency would be created between users of sewer systems organized under sec. 66.076 and those organized under sec. 66.077. Under sec. 66.077 a municipality may combine the water and sewer commissions into a single public utility which is regulated by ch. 196. Sec. 66.077 (1) and (2). The PSC, rather than the municipality, sets the sewerage service rates and under sec. 196.37(1) retroactive rate making and refunds are prohibited. Therefore even if we were to construe sec. 66.076(9) to allow retroactive rate making, many sewer users throughout the state would still be unable to obtain refunds.

Second, as discussed above, sec. 59.964(6), Stats., 1977, which specifically allows refunds, was enacted in response to federal legislation. Thus, the history of the statute is very different than secs. 66.076 and 66.077. The need to meet federal requirements in order to continue receiving federal funds may have prompted the legislature to treat users of the Milwaukee Metropolitan System differently regarding retroactive rate making and refunds. While it may appear unfair for some sewer

system users to obtain refunds for unreasonable past charges when others cannot, this is a policy decision to be made by the legislature and not this court.[10]

Therefore, based on the language of the statute, the application of principles of statutory construction and the decisions of this court, we conclude that there is no express or implied grant of authority in sec. 66.076(9), Stats., empowering the PSC to set retroactive rates and order refunds.

Kimberly-Clark contends that this result denies it a remedy for a wrong in violation of Article I, sec. 9 of the Wisconsin Constitution.[11] We disagree. We believe that the court of appeals was correct in its holding that this argument misperceives the purpose and scope of sec. 66.076(9), Stats.

The statute allows the PSC to examine sewer rates to determine if they are unreasonable or discriminatory. The rate may be unjust since its enactment or may become unjust over the passage of time and change of circumstances. The statute does not define a wrong which requires a remedy. Rather, the statute provides a mechanism for an aggrieved user to bring any alleged unfairness to the PSC's attention. If the PSC finds merit in a complaint filed pursuant to sec. 66.076(9), Stats., it sets reasonable *future* rates. Rate making is a legislative function. *Friends of Earth v. Public Service Commission,* 78 Wis. 2d 388, 254 N.W.2d 299 (1977). The statute acts as nothing more than a trigger to start this

---

[10] The parties do not raise any constitutional issue of equal protection, nor do we consider it herein.

[11] **"Remedy for wrongs.** Section 9. Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

*legislative* process. Therefore, we find that the "certain remedy" clause of the Wisconsin Constitution has no application to this case.[12]

. *By the Court.*—The decision of the Court of Appeals is affirmed.

[12] For additional support for our conclusion that Article I, sec. 9 has not been offended, see the opinion of the court of appeals in the case *Kimberly-Clark Corp. v. Public Service Comm.*, 107 Wis. 2d 177, 185–86, 320 N.W.2d 5 (Ct. App. 1982).