ROBERT P. SORENSON, State Director Wisconsin Board ofVocational, Technical and Adult Education
You have requested my opinion on two questions:
 1. Does the levy limit imposed on Vocational, Technical and Adult Education districts by section 38.16 (1), Stats., include amounts charged under section 74.73
(2), for recovery of unlawful taxes or overassessments?
 2. Should the word "town' as used in section 74.73 (2), be given the meaning set forth in section 990.01 (42)?
My answer to the first question is no, and my answer to the second question is yes.
A Vocational, Technical and Adult Education district includes one or more counties, school districts or municipalities in contiguous combination. Sec. 38.06 (1), Stats. Among other methods of securing operating funds, each Vocational, Technical and Adult Education district is given statutory authority to levy a tax. That authority and the procedure for collecting the tax are both provided for in section 38.16 (1):
 Annually . . . the district board may levy a tax, not exceeding 1.5 mills on the full value of the taxable property of the district, for the purpose of making capital improvements, acquiring equipment and operating and maintaining the schools of the district, except that the mill limitation is not applicable to taxes levied for the purpose of paying principal and interest on valid bonds or notes now or hereinafter outstanding as provided in s. 67.035. The district board secretary shall file with the clerk of each city, village and town, any part of which is located in the district, a certified statement showing the amount of the levy and the proportionate amount of the tax to be spread upon the tax roles for collection in each city, village and town. Such proportion shall be ascertained on the basis of the ratio of full value of the *Page 7 
taxable property of that part of the city, village or town located in the district to the full value of all taxable property in the district, as certified to the district board secretary by the department of revenue. Upon receipt of the certified statement from the district board secretary, the clerk of each city, village and town shall spread the amounts thereof upon the tax roles for collection. When the taxes are collected, such amounts shall be paid by the treasurer of each city, village and town to the district board treasurer.
Thus, although each city, village and town is responsible for collecting the section 38.16 (1) tax, the tax is actually levied by the Vocational, Technical and Adult Education district board. The local board is the only entity authorized to determine this levy within the limit set by the Legislature.
Elsewhere in the statutes, the Legislature has established a procedure under which individuals can recover unlawful taxes and overassessments which they have paid to cities, villages and towns. Sec. 74.73, Stats. The same statute also establishes a procedure under which cities, villages and towns can then in turn recover the proportionate share of the unlawful tax which they collected and paid over to underlying municipalities, including Vocational, Technical and Adult Education districts. With respect to the latter, section 74.73 (2) provides in pertinent part:
 If any part of such unlawful tax was paid over to any school district or vocational, technical and adult education district before the payment of such claim or judgment, the town shall charge the same to such district with the proportionate share of the taxable costs, interest and expenses of suit, and the town clerk shall add the same to the taxes of such district in the next annual tax.
In these situations, therefore, the towns charge back the Vocational, Technical and Adult Education district for its proportionate share of the unlawful tax through an addition to the district's next annual tax.
Your first question arises not because of ambiguity on the face of either section 74.73 (2) or section 38.16 (1), but rather because of apparent ambiguity in whether the add-on provision in section 74.73 (2) should be interpreted to affect the levy limit imposed in section 38.16 (1). Given this ambiguity, the rules of statutory construction *Page 8 
must be applied to determine the intent of the Legislature.See Kimberly-Clark Corp. v. Public Service Comm.,110 Wis.2d 455, 462, 329 N.W.2d 143 (1983).
The first rule provides that the primary source of construction is the language of the statutes. Kimberly-Clark,110 Wis.2d at 462. As was noted above, the add-on provision in section 74.73
(2) concerns itself with taxes levied by a town. In contrast, the limit imposed by section 38.16 (1) clearly refers to taxes levied by a Vocational, Technical and Adult Education board. The plain meaning of the two statutes reveals that they deal with entirely different entities. Accordingly, the provisions of section 74.73
(2) have no effect on the provisions of section 38.16 (1).
A second rule of statutory construction mandates the same result. It states that "where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed."Kimberly-Clark, 110 Wis.2d at 463, quoting State v. Welkos,14 Wis.2d 186, 192, 109 N.W.2d 889 (1961). Sections 74.73 (2) and38.16 (1) obviously concern related subjects. However, although section 74.73 (2) requires that the charge-back assessment by a town be added on to the next Vocational, Technical and Adult Education district annual tax, there is no correlative provision in section 38.16 (1) to indicate that this add-on should apply to the district's levy limit. It is therefore appropriate to presume that the Legislature intended that the provisions of one do not affect the provisions of the other.
Additional guidance can be drawn from a closely analogous situation involving counties. Section 70.62 imposes a one per centum annual limitation on taxes which counties are permitted to levy. Under section 66.09, when a judgment is entered against a county, the amount of that judgment is added to the next tax levy. Just as in this situation, section 66.09 makes no reference to section 70.62.
The same question you raise today with respect to the relationship between sections 74.73 (2) and 38.16 (1) was raised with respect to the relationship between sections 66.09 and 70.62
in Oconto County v. Townsend, 210 Wis. 85, 244 N.W. 761 (1933). In that case, the court held that a judgment placed upon the county tax roll for collection pursuant to section 66.09 is not
within the one per *Page 9 
centum levy limitation of section 70.62. See also 27 Op. Att'y Gen. 835, 839 (1938).
In so holding, the court stated that levy limitations are imposed by the Legislature in order to ensure that local governmental units balance their budgets and arrange their expenditures within the legislatively set limit. Oconto County,210 Wis. at 90. In my opinion, the Oconto County decision applies as well to situations involving Vocational, Technical and Adult Education districts, and the add-on provided in section 74.73 (2) would not further the policy or purpose behind levy limitations as enunciated by the court in that decision. Judgment amounts added to the district's annual tax are accordingly excludable from the district's levy limit. It should be noted, however, that neither your question, Oconto County nor this opinion address a situation in which the judgment debt was generated in the first place because a district exceeded its maximum taxation.
In answer to your second question, the word "town" as used in section 74.73 (2) is not defined in that statute. It must therefore be construed according to section 990.01 (42).
BCL:BB *Page 10