MARK PERRINE, District Attorney Ashland County
You have requested my opinion on whether convictions are possible both under section 343.44, Stats., and under section351.08, for a single instance of operating a motor vehicle after one's driver's license has been revoked by a court order pursuant to section 351.06. Specifically you ask:
 1. Is it proper to convict a criminal defendant for both of the following offenses arising out of a single instance of operating a motor vehicle, if the defendant's driving record and status supports such charges:
 A. Operating a motor vehicle upon a highway in this state when the defendant's operating privileges are revoked — 4th offense within five years, contrary to Section 343.44(1), Wisconsin Statutes;
 B. Operating a motor vehicle upon a highway in this state while the order of the Court issued under Section 351.06, Wisconsin Statutes is in effect, contrary to Section 351.08, Wisconsin Statutes.
 2. If the State must elect and proceed only on one charge, must that charge be the violation of Section 351.08, Wisconsin Statutes?
 3. What is the mandatory minimum sentence which a Court must impose upon a conviction for violating Section 351.08, Wisconsin Statutes?
Section 351.08, Stats. (1983-84), was amended by 1985 Wisconsin Act 71, section 15, as follows:
 Operation of motor vehicle by habitual traffic offender or repeat habitual traffic offender prohibited; penalty; enforcement. Any person who is [adjudged a habitual traffic offender or repeat habitual traffic offender under s. 351.06 who is]*
convicted of operating a motor vehicle in this state while the [order of the court issued]* revocation under [s. 351.06]* this chapter is in effect *Page 107 
shall, in addition to any penalty imposed under s. 343.44, be fined not to exceed $5,000 and [shall be]* imprisoned not to exceed 180 days. No portion of the sentence may be suspended, except in a case where operating was made necessary by a situation of emergency, as determined by the court. Any person imprisoned under this section, on his or her request, may be allowed Huber law work privileges under s. 56.08. For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his or her license, permit or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing the charge shall determine whether the person is a habitual traffic offender or repeat habitual traffic offender and therefor barred from operating a motor vehicle on the highways of this state. [If the court determines that there is an order in effect revoking the accused's operating privileges under s. 351.06, it shall certify the case to the district attorney.]*
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
In light of this amendment to section 351.08, I conclude that, while the section 351.08 penalties are to issue in addition to penalties issued for conviction pursuant to section 343.44 (1), it is not proper to convict a defendant under both section 343.44
(1) and section 351.08. Rather, the section 351.08 provisions are more appropriately viewed as penalty enhancers, and the correct approach is to seek conviction pursuant to section 343.44. Finally, I conclude that the mandatory minimum enhancement pursuant to section 351.08 is within the discretion of the sentencing court.
The 1985 amendment added language specifically stating that the penalties under section 351.08 were to be imposed "in addition to any penalty imposed under s. 343.44 . . . ." While this language is unambiguous and therefore interpretation focuses solely on the plain meaning of the statutory terms, State v. Derenne,102 Wis.2d 38, 45, 306 N.W.2d 12 (1981), I would note that in its analysis to 1985 Assembly Bill 426, the Legislative Reference Bureau states: "The bill . . . clarifies that the penalty for operating a motor vehicle while a person's operating privilege has been revoked as an HTO or RHTO is in addition to other penalties for operating a vehicle after revocation under other provisions of law."
There remains, however, the question of whether a defendant may be convicted under both section 343.44 (1) and section 351.08 for a single instance of operating a motor vehicle. On the question *Page 108 
of whether section 351.08 authorizes a separate, independent conviction, the statutory language is ambiguous. As revised, section 351.08 refers to a person "who is convicted of operating a motor vehicle in this state while the revocation under [chapter 351] is in effect . . . ." Sec. 351.08, Stats. (as amended). This language could be read to suggest that operating while under a chapter 351 revocation subjects one to a conviction pursuant to section 351.08.
Several factors, however, lead me to conclude that section351.08 does not authorize a separate, independent conviction. First, if section 351.08 is read as creating a separate offense, the phrase, "in addition to any penalty imposed under sec.343.44," becomes superfluous at least insofar as it refers to the mandatory fine. With regard to the imprisonment, the phrase could simply indicate that the term must run consecutively, rather than concurrently, with any term imposed under section 343.44. Cf.State v. Morris, 108 Wis.2d 282, 287, 322 N.W.2d 264 (1982) (If the statute in question is viewed as creating a separate crime, the phrase, "in addition to the maximum punishment fixed for such crime," is rendered superfluous because of the criminal statute authorizing consecutive sentences.). With regard to the fine, however, reading section 351.08 as creating a separate, independent offense renders the "in addition to" provision superfluous. Given the mandatory nature of the section 351.08
penalties as discussed below, there is no need to refer to any other statutory provision, and there is no concept, like that of consecutive versus concurrent, that necessitates explanation.
Neither is the language of the predecessor statute helpful in determining legislative intent. Before the creation of administrative revocation by the 1985 Act, the statute read: "Any person who is adjudged a habitual traffic offender or repeat traffic offender under s. 351.06 who is convicted of operating a motor vehicle in this state while the order of the court issued under s. 351.06 is in effect shall be fined . . . ." Sec. 351.08, Stats. (1983-84). While the reference to conviction in the predecessor statute was separate from the reference to section351.06 ajudication, it was still possible to read the conviction to which the section 351.08 referred as existing solely under section 351.08.
Consistent with the institution of administrative revocation in 1985 Wisconsin Act 71, the reference to adjudication was dropped. However, while documents in the legislative drafting file to 1985 Wisconsin Act 71 contain references to the intended cumulative *Page 109 
nature of the section 351.08 penalties, they contain no statements with regard to conviction.
Neither the present language of the statute nor its legislative history necessarily leads to a conclusion on the question of whether the Legislature intended section 351.08 to create a separate, independent offense. However, under the canon of strict construction, penal statutes are to "be construed strictly against the party seeking to exact statutory penalties and in favor of the person on whom statutory penalties are sought to be imposed." Morris, 108 Wis.2d at 289. Accordingly, "in case of doubt concerning the severity of the penalty prescribed by the statute," a milder penalty will be preferred over a harsher one.Id.
In light of these considerations, I conclude that section351.08 was not intended as a separate substantive offense. Rather, the state should proceed under the appropriate provision of section 343.44.
Since, unlike section 343.44, section 351.08 provides no minimum, I conclude that the Legislature intended the court to have discretion to set, without minimum limitation, the section351.08 enhancements. See Kimberly-Clark Corp. v. Public ServiceComm., 110 Wis.2d 455, 463, 329 N.W.2d 143 (1983) ("`where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed,'") (quoting State v. Welkos, 14 Wis.2d 186,192, 109 N.W.2d 889 (1961)). Given the statutory language to the effect that the offender "shall be fined . . . and imprisoned," section 351.08, these enhancements are mandatory. Cf. State v.Vick, 104 Wis.2d 678, 694, 312 N.W.2d 489 (1981) (contrasting use of "may" and "shall" in context of jury instructions); Statev. Camara, 28 Wis.2d 365, 371, 137 N.W.2d 1 (1965) (quoting civil case that stated: "`Generally in construing statutes, "may" is construed as permissive and "shall" is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature.'"). Since the section 351.08 enhancements would be in addition to the statutory minimums set forth in the applicable provision of section 343.44(2), the violator in the specific case you describe, i.e., a fourth conviction of section 343.44(1), which also involves violation of a court order contrary to section351.08, must receive a fine greater than $1,500 (the section343.44(2)(d) minimum plus the mandatory section 351.08 fine) and must be imprisoned for a period greater *Page 110 
than sixty days (the section 343.44(2)(d) minimum plus the mandatory section 351.08 imprisonment).
BCL:SR *Page 111