DICKSON, Appellant, vs. THE CITY OF RACINE, Respondent.

*February 3 — February 23, 1886.*

MUNICIPAL CORPORATIONS. *(1) Assessment of benefits from opening street: Prospective benefits. (2) Appeal from assessment: Burden of proof: Racine city charter.*

1. Where the opening of a street rendered it practicable to build a bridge at that place across a river, and such bridge would be a public convenience and almost a necessity, the benefits which would

accrue to lots from the expectation that such bridge would be built might be considered in assessing the benefits from the opening of the street.

2. The charter of Racine makes an assessment of the benefits from the opening of a street, when confirmed by the council, conclusive upon the city, but gives the land-owner the right to an appeal, upon which his assessment cannot be increased but, if not a proper proportion of the whole assessment, may be decreased. *Held*, that upon such an appeal the burden of proof is upon the appellant to show that his assessment is more than his due proportion of the whole.

APPEAL from the Circuit Court for *Racine* County.

The facts will sufficiently appear from the opinion and from the report of the former appeal in 61 Wis. 545. Upon the second trial the jury found a special verdict to the effect that neither of the fractional lots owned by the plaintiff was assessed more than its proper proportion of the whole assessment. Judgment was entered upon the verdict in favor of the defendant, and the plaintiff appealed.

For the appellant there was a brief by *Dodge & Fish,* and oral argument by *Mr. Dodge* and *Mr. J. T. Fish.* To the point that the trial court erred in its instruction as to the burden of proof, they cited *Central Bank v. St. John,* 17 Wis. 157; *Wooster v. S. R. V. R. Co.* 57 id. 311–313.

*Samuel Ritchie,* for the respondent, as to the burden of proof, cited *Bigelow v. Boston,* 120 Mass. 326; *State v. Passaic,* 37 N. J. L. 65.

TAYLOR, J. This case has been before this court on a former appeal, and it was then decided that the only question to be considered upon the appeal from the assessment of the benefits on the appellant's property was whether the assessment of benefits was equal, in view of the fact that a certain sum was to be assessed upon certain property mentioned in the report of the commissioners, and confirmed by the city council. See 61 Wis. 545. In other words, a fixed

sum of money is to be raised by taxing a certain number of lots in said city; and that tax is to be apportioned upon such lots in proportion to the benefits which will accrue to them, respectively, by the opening of the new street in said city. The benefits are to be assessed upon the several lots, not upon the basis of the actual benefits which will accrue to the several lots by the opening of the new street, but upon the basis of comparative benefits to the several lots which must bear the whole assessment in any event.

The case has been again tried by the circuit court upon the theory as laid down by this court on the former appeal. Upon the present appeal the counsel for the appellant insist (1) that the verdict is unsupported by the evidence; and (2) that the court erred in instructing the jury.

It is urged that because some of the witnesses testified that the mere opening of the street without the construction of a bridge across the river at one end of the street would be no benefit to any of the lots which were assessed for benefits, therefore the assessment upon the appellant's lots was unequal and unjust; and that, in such a case, the only proper assessment would be to assess all the lots equally. We do not think this would follow. In such case the most equitable rule would be to assess the lots according to their value; and, for anything appearing in the evidence, they may have been so assessed. We are, however, of the opinion that in assessing benefits the commissioners and jury would be justified in taking into consideration the benefits which would accrue to the lots from the expectation that a bridge would be constructed across the river, at the end of the street, within a reasonable time. The reason for opening the street was to make an approach to a bridge, the construction of which was contemplated by the city in the near future. It would seem absurd to say that such fact should have no effect in estimating benefits. The opening of this street in question rendered it practicable for the city to con-

struct a bridge at the end of it, across the river, and without this street no such bridge could have been constructed which would have been of any public use.    The opening of the street rendered it practicable to build a bridge at that place across the river, which would be a great public convenience; and, it appearing also that it was almost a public necessity to have a bridge at that place, it would seem reasonable that such fact would tend to enhance the value of the property in the vicinity of such new street, and it was for the jury to determine whether that fact did or would enhance the value of the plaintiff's lots.    This view of the case was entertained by the supreme court of Ohio in the case of *Chamberlain v. Cleveland,* 34 Ohio St. 551, 568.    We think the ruling of the circuit court upon this question on the trial of this case was sufficiently favorable to the appellant.    We do not deem it profitable to discuss the questions of fact upon the evidence.    We think there is evidence to sustain the verdict as to the amount of the benefits, and that is sufficient to sustain the verdict in this court.

It is insisted that the circuit judge erred in instructing the jury as follows: "Nor can you reduce plaintiff's assessments on the ground that, in your opinion, the total amount of the assessments in this matter is too large, because the determination of the commissioners in fixing the assessment district, and in fixing the total amount of the special assessments, is conclusive, and not subject to review.    The assessment, as made by the commissioners, is presumed to be just and equal, and the burden of proof rests on the plaintiff to show that he has been assessed more than his due proportion."

This instruction was excepted to by the appellant.    It will be seen by an examination of it that it contains two distinct propositions, and if either proposition is correct, then the exception is not well taken, according to well-established rules.    We will, however, treat the exception as

properly taken to both propositions, as no point was made by the respondent's counsel as to the sufficiency of the exception. It can hardly be contended that there is any error in the first proposition. It is in strict accordance with what was decided in this case on the former appeal. Treating the exception taken as an exception to the last proposition in the instruction, we do not think the instruction erroneous.

By an examination of the statute prescribing the manner of making these assessments in the city of Racine, it will be seen that the assessment, when made and confirmed by the council, is conclusive on the city. This is not unjust to the city, as its own council have the power of review in the first instance, and the city ought not to complain that it is debarred from appealing from an assessment confirmed by its own officers. The statute gives an appeal to the land-owner alone. On the appeal, therefore, the assessment cannot be increased by the jury, (1) because the confirmation of the assessment is final as to the city; and (2) because an increase in the assessment would either render a change in all the other assessments necessary, or else it would place in the city treasury a sum of money to which it would have no apparent right.

Sec. 12, tit. 5, ch. 313, Laws of 1876, being the charter of the city of Racine, gives the land-owner an appeal from the assessment after the same is confirmed by the council. The language is: "Any person or persons owning or having an interest in any property affected by such assessment may, within twenty days after the confirmation of such assessment by the common council, appeal therefrom to the circuit court," etc. The section then prescribes what the appellant must do to perfect his appeal. Among other things, he must give a bond, conditioned only to pay all costs that may be adjudged against him on such appeal. After the appeal is perfected, it is made the duty of the city

clerk "to send to the clerk of said court a certified copy of the assessment of damages and benefits made and reported by the said commissioners, as confirmed by the common council, and of all the proceedings of the common council in relation thereto." The section then provides that "the appeal shall be tried as ordinary issues of fact are tried in said circuit court. The form of the issue shall be submitted to the direction of the court. . . . If, on such trial, the benefits assessed by the commissioners shall be diminished, or the damages so assessed shall be increased, then, and in either case, the appellant shall recover costs on such appeal; otherwise the city shall recover costs."

Under this section the circuit court in this case directed the following questions to be submitted to the jury: "*First.* Was the south one-third of lot five, block twelve, in the First ward, assessed more than its proper proportion of the assessment of benefits for the extension of State street, in the First ward? *Second.* If to the above question you answer 'Yes,' state what sum should have been assessed against it." The same questions were submitted as to the other lot. No objection was made by the appellant to the form of the issues directed, and upon the trial the appellant took, as was proper, the affirmative, and the city the negative.

In the absence of all evidence given on the trial in the circuit court, the appeal must either have been dismissed for want of prosecution, or the court must have affirmed the assessment of the commissioners. The appellant took upon himself the burden of showing that the assessment of the commissioners was greater than it should have been; and the instruction given to the jury, and which is now complained of as error, was but declaring a fact which the form of the question submitted had already declared to be the issue between the parties. The burden of proof was clearly on the appellant to show that the assessment was more than his due proportion, and until he convinced the jury of that fact it

was their duty to find that the commissioners had assessed the appellant's property with its due proportion of the benefits derived from the opening of the street.

The rule which has been laid down in appeals from the award of commissioners in case of taking of property for the use of railroad companies, is not applicable to a case of this kind. On such appeal the whole case is open for retrial on both sides. On the appeal of the land-owner, the railroad company can show that the damages awarded by the commissioners are too great, and the land-owner can show they are too small. Upon the appeal under the section of the charter of the city of Racine, the only question to be determined is whether the benefits awarded are more than they ought to have been, and the city has no authority to show that the award was too small. The burden of proof is clearly upon the appellant in such case, and that is all the court instructed the jury.

We see no errors in the record.

*By the Court.*— The judgment of the circuit court is affirmed.