ORTH, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*January 9 — January 28, 1896.*

*Condemnation of land for viaduct: Injury to adjoining land.*

Upon the condemnation of one of several contiguous lots belonging to the same person for a street in order that an elevated viaduct may be constructed thereon, the owner is entitled to compensation for the injury resulting to the remaining lots from the building of the viaduct.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an appeal from an assessment of damages in condemnation proceedings. It appeared that the plaintiff, in

August, 1892, owned several contiguous lots in the Sixth ward of the city of *Milwaukee*, lying between Commerce street and Milwaukee river. Commerce street runs nearly parallel with the river. At that time Holton street ran nearly at right angles with Commerce street, but ended at Commerce street. If continued to the river, it would cross plaintiff's lots. Commerce street and plaintiff's lots lie in the valley, while Holton street, as then existing and used, was upon the bluff, sixty-eight feet higher than Commerce street; the end of Holton street, as laid, being upon a steep descent from the bluff to the level of Commerce street, and being unused. Upon the other side of the river, almost opposite the end of Holton street, lay Van Buren street.

By chapters 223 and 411, Laws of 1891, the city of *Milwaukee* was authorized to issue bonds for the building of a bridge and approaches from the Sixth to the Eighteenth wards.

On the 22d day of August, 1892, the common council passed a resolution that it was necessary to extend Holton street from Commerce street to the river, and to take land for that purpose; also, that the reason why it was necessary to open and extend said street was "that there are no facilities for building a bridge at said place of extension to connect the Sixth ward to the Eighteenth ward, as ordered by chapter 411 of the Local Laws of 1891." In pursuance of this resolution, due proceedings were taken to condemn one of plaintiff's lots for the extension of Holton street, and the plaintiff's damages were assessed by the board of public works at $8,500, from which assessment he appealed. Upon the trial in the circuit court it appeared, under objection, that before the condemnation proceedings were taken plans had been prepared by the city engineer, under instructions from the proper city authorities, for the proposed bridge, which plans provided for a viaduct sixty feet high across the plaintiff's lot (which was afterwards condemned), and over Commerce

street, to the high part of Holton street.    The viaduct was to consist of an iron framework resting on stone abutments. Before the trial in the circuit court the viaduct and bridge had been completed as planned.

The jury found that the value of the plaintiff's land actually taken was $9,500, and that the plaintiff's remaining land was damaged, over and above benefits, to the extent of $7,000, for which sums, with interest, the plaintiff recovered judgment, and the city appealed.

*C. H. Hamilton*, city attorney, and *Howard Van Wyck*, assistant city attorney, for the appellant.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

WINSLOW, J.    There is but one question of importance in this case.    Briefly stated, the question is this: In assessing the plaintiff's damages, were the jury entitled to consider the damages resulting to the plaintiff's remaining lots from the building of the viaduct, or not?    The court answered this question affirmatively, and allowed witnesses to be examined as to the damage resulting to the salable value of the plaintiff's remaining property by the erection of the viaduct, and instructed the jury that they might and should assess such damages in their verdict.    It is claimed by the city that this was error, and that the jury could only allow such damages as would naturally result from the taking of the land for a street to be built in the ordinary way.

We are clearly of opinion that the ruling of the court was correct.    All damages, present or prospective, which are the natural, necessary, or reasonable incident of the improvement, not resulting from negligent acts, should be assessed. *Denver City I. & W. Co. v. Middaugh*, 12 Colo. 434.    The probable grade and condition of a proposed street, as it may reasonably be expected to be when put in such a state as is

demanded by the convenience of the traveling public, must be a proper subject for the consideration of the jury. *Portland v. Kamm*, 10 Oreg. 383. This principle was, in effect, held by this court in *Dickson v. Racine*, 65 Wis. 306, where it was held that the fact that the extending of a street would render it practicable to build a bridge and thus enhance the value of abutting real estate, might be considered in assessing benefits upon such real estate. In the present case the entire plan of the bridge and viaduct had been matured before the condemnation proceedings were begun, and the viaduct had in fact been built before the trial in the circuit court, and we can entertain no doubt that the rulings of the trial court on this subject were right.

No other question requires attention.

*By the Court.*— Judgment affirmed.