ESTATE of Leonard L. WOLFF, Laurie L. Ferge, Personal Representative, Appellant,

v.

The TOWN BOARD OF THE TOWN OF WESTON and The Weston Sanitary District #1, Marathon County, Wisconsin, Respondents.

Court of Appeals

*No. 89-1304. Submitted on briefs January 23, 1990.—Decided May 8, 1990.*

(Also reported in 457 N.W.2d 510.)

On behalf of appellant, the cause was submitted on the briefs of *Herman D. Schacht* of *Schact & Schact* of Beaver Dam.

On behalf of respondents, the cause was submitted on the brief of *Richard J. Weber* of *Kelley, Weber, Pietz & Slater, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Laurie Ferge, as personal representative of the estate of her father, Leonard Wolff, appeals the dismissal of her appeal to the circuit court from a special tax assessment for sewer and water improvements made by the town of Weston. Ferge filed her appeal in the circuit court some seventy-six days after the town published its notice of levy. The circuit court ruled that the appeal was not timely filed within the forty-day limit set by sec. 66.62(2), Stats., and the Weston municipal code, sec. 13.05. To complete a record for this appeal, the circuit court then held a hearing on the merits and ruled that the improvements did not benefit the Wolff property. Based on the failure to timely file, however, the court dismissed the appeal. Ferge contends that the town's notice violates principles of due process because it failed to include any information as to which of two alternative statutory procedures applied, one with a ninety-day appeal period, sec. 66.60, and the

other with a forty-day limit, sec. 66.62.[1]

We conclude that the notice violated due process requirements and that the trial court's finding of no benefit to the landowner is not clearly erroneous. We therefore reverse the judgment dismissing the appeal as untimely and remand for entry of judgment annulling the assessment as provided by sec. 66.60(12)(d), Stats.

## REASONABLENESS OF THE NOTICE

■

Because the focus of due process is the "reasonableness" of the means of notice chosen by the government, *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950), an understanding of the surrounding circumstances of any given case is essential. "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria & Restaurant Workers Union Local 473 v. McElroy,* 367 U.S. 886, 895 (1961).

---

[1]Section 66.62, Stats., provides in part:

(1) In addition to other methods provided by law . . . a town board may, by ordinance, provide [for special assessments].

(2) Every such ordinance shall contain provisions for reasonable notice and hearing. Any person against whose land a special assessment is levied under any such ordinance shall have the right to appeal therefrom . . . within 40 days of the date of the final determination of the governing body.

Section 66.60, Stats., provides in part:

(1)(a) As a complete alternative to all other methods provided by law, any . . . town . . . may, by resolution . . . levy and collect special assessments . . ..

. . ..

(12)(a) . . . any person having an interest in any parcel of land affected by any determination of the governing body . . . may, within 90 days after the date of the notice . . . appeal therefrom to the circuit court . . ..

The town published the disputed notice in this case under the following circumstances. Two agencies of the town, the sanitary district and the water utility, reached a preliminary decision to install sanitary sewer and water service to a defined area within the municipality. A report was filed detailing the proposed assessments against each of the affected properties. At all times relevant to the proceedings, there existed a municipal ordinance, sec. 13.05, adopted in conformity with the provisions of sec. 66.62, Stats.

After the plans for the proposed public improvements and accompanying assessments were drawn and filed, the town published a "PUBLIC HEARING NOTICE" in the Wausau Daily Herald. This notice of hearing was published only once. The ordinance provides that this notice shall be published twice.[2] In contrast, a single publication of the notice of hearing for proposed assessments is in conformity with sec. 66.60, Stats. The town also mailed a copy of the notice of hearing, a method of notice also consistent with the provisions of sec. 66.60(7) but not required by the ordi-

---

[2]This notice is not the one in dispute. It is relevant only because the manner in which it was published is one of the circumstances that determines the reasonableness of the final notice.

Section 13.05(2) of the municipal ordinance provides in part:

(c) The Town Board shall file in the office of the Town Clerk, a report of the assessments so made. Notice shall be given by the Town Clerk that such report is open for review at the Town Office and shall be so continued for a space of 10 days after the date of such notice and that on a day named therein which shall not be more than three (3) days after the expiration of said ten (10) days, said Town Board will be in session to hear all objections that may be made to such report.

(d) Such notice shall be published within the Township as a Class 2 notice under Chapter 985, Wis. Stats.

nance. *See* sec. 66.60(7), Stats.[3] Finally, following the public hearing, the town published the disputed final notice of the assessment levy and ordered the final resolution be mailed "to every interested person whose post-office address is known, or can be ascertained with reasonable diligence." The notice did not specify whether the assessment was pursuant to sec. 66.60, or an ordinance enacted pursuant to sec. 66.62. *See* sec. 66.60(8)(d), Stats.[4] The order for mailing, however, was drawn verbatim from sec. 66.60(8)(d), but not required by the ordinance. Ferge, consistent with the procedural requirements of sec. 66.60(12)(a), filed her appeal less than ninety days after the published notice, but outside the appeal time of forty days contemplated by the ordinance procedure.

Article I, sec. 1, of the Wisconsin Constitution is the substantial equivalent of the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. *C&NW Trans. Co. v. Pedersen,* 80 Wis. 2d 566, 571 n.1, 259 N.W.2d 316, 318 n.1 (1977). Due process is a flexible concept that requires procedural protections as the particular situation demands. *State v. Hardwick,* 144 Wis. 2d 54, 58, 422 N.W.2d 922, 924 (Ct. App. 1988).[5]

---

[3]Section 66.60(7), Stats., provides in part: "Such notice shall be published as a class 1 notice, under ch. 985, in the . . . town . . . and a copy of such notice shall be mailed, at least 10 days before the hearing . . .."

[4]Section 66.60(8)(d), Stats., provides in part: "The . . . town . . . shall publish the final resolution as a class 1 notice, under ch. 985, in the assessment district and a copy of such resolution shall be mailed to every interested person whose post-office address is known, or can be ascertained with reasonable diligence."

[5]The town makes no claim that a landowner is not entitled to

The town relies upon the presumption of constitutionality accorded both statutes and local ordinances so that the challenger must demonstrate beyond a reasonable doubt the invalidity of the enactment. *Davis v. City of Elkhorn,* 132 Wis. 2d 394, 393 N.W.2d 95 (Ct. App. 1986). Ferge, however, is not challenging the statute or the ordinance; she only raises the issue of the content of the notice. There is no presumption of regularity accorded the notice.

In defending the sufficiency of its notice, the town argues that Ferge should be charged with constructive knowledge of both the statutes and the Weston ordinance enacted in conformity with sec. 66.62, Stats. Assuming for the sake of argument that a landowner is charged with constructive knowledge of both the statutes and local ordinances dealing with procedural time limits, the town's actions in this case render the notice inadequate. In fact, a landowner, knowing the different notice provisions of sec. 66.60 and the ordinance, would reasonably conclude that the town had opted to follow the provisions of sec. 66.60 with its ninety-day appeal period. Under the circumstances, mere knowledge of the existence of the ordinance would not notify the landowner that it was applicable when the town's actions were inconsistent with its terms but consistent with the

constitutional due process based upon the designation of the circuit court procedure as an "appeal." If a full and fair trial on the merits is provided, due process does not require the state to provide appellate review. *Lindsey v. Normet,* 405 U.S. 56, 77 (1972). It would appear that the circuit court assessment proceedings are meant to provide the required trial on the merits despite the terminology used. Section 66.60(12)(b), Stats., provides: "Such appeal shall be tried and determined in the same manner as cases originally commenced in such court . . .."

procedural terms of the alternative assessment statute. A notice must be sufficient to enable the recipient to determine what he must do to prevent the deprivation of his interest. *See Goldberg v. Kelly,* 397 U.S. 254, 267–68 (1970).

■ Due process is implicated only if state action deprives a citizen of a property interest. The town does not contest the proposition that the estate has a protected property interest at stake or that the town board, as a creature of the state, is a state agency within the meaning of the fourteenth amendment. *See State ex rel. DeLuca v. Common Council,* 72 Wis. 2d 672, 677, 242 N.W.2d 689, 692 (1976).

■ The town's argument, however, that enforcement of a statute of limitations does not involve government *action* within the meaning of the fourteenth amendment, is refuted by the recent holding in *Tulsa Professional Collection Servs. v. Pope,* 108 S.Ct. 1340 (1988). In that case, the Supreme Court examined an Oklahoma statute giving known creditors a limited time to file claims against an estate. In striking the publication feature in the notice provision of the statute as violative of due process, the Court ruled that the statute only became operative upon extensive involvement by the probate court. It distinguished *Texaco v. Short,* 454 U.S. 516 (1982), upon which the town relies here. In *Texaco,* the general statute of limitations was found to be "self-executing," that is, it ran without the necessity of significant government action. The *Pope* Court observed that although the state acts in the limited sense of legislative enactment of the statute, that involvement falls short of the type of state action required to implicate the protections of the due process clause. *Pope,* 108 S.Ct. at 1345.

The statute here is not self-executing. Only after the town provides preliminary notice and hearing and adopts a final resolution with a notice does the time limit run. There was, therefore, state action within the meaning of the fourteenth amendment.

## ASSESSMENT BENEFITS

■

We turn then to the trial court's decision on the merits that the Wolff property was not benefited by the assessment. It is undisputed that where the assessment is made pursuant to the police power, as it was here, the town must show that the assessment is made on a reasonable basis.

The estate called as a witness the director of public works and city engineer for the city of Beaver Dam, Bruce Gall, a licensed professional engineer. He was of the opinion that it would cost approximately $120,000 to fill the land to arrive at buildable elevation and another $5,000 for site preparation. A licensed real estate broker, LaVonne Jensen, was of the opinion that the property did not benefit from the installation of sewer and water. She based her opinion upon the alleged cost to fill the site, the $70,000 special assessment and the hundreds of available lots in market competition in the greater Wausau area all having sewer and water service.

■

The trial court explicitly relied upon the preceding testimony to reach its conclusion that no benefit occurred. The town counters with reference to evidence in the record that would support a contrary conclusion. Our standard of review renders that evidence insufficient to overturn the trial court's decision. If more than one reasonable inference may be drawn from the evidence, an appellate court must accept the one chosen by the

597

trial court. *C.R. v. American Std. Ins.,* 113 Wis. 2d 12, 15, 334 N.W.2d 121, 123 (Ct. App. 1983). The weight of testimony and the credibility of witnesses are matters peculiarly within the province of the trial court acting as the trier of fact. *Kleinstick v. Daleiden,* 71 Wis. 2d 432, 442, 238 N.W.2d 714, 719-20 (1976). Findings of fact by a trial court shall not be set aside unless clearly erroneous. Sec. 805.17(2), Stats. Reversal is not required where there is evidence to support a contrary finding. Rather, to command a reversal, the evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls,* 87 Wis. 2d 243, 249-50, 274 N.W.2d 647, 650 (1979).

Thus, the fact that there was some evidence that the subject property was adjacent to "prime residential development areas," or that Leonard Wolff may have believed the improvements would benefit the property because he voted in favor of the project, or that the lots may be salable at some unspecified future date does not necessitate reversal. The benefits necessary to sustain a special assessment must be substantial, certain and capable of being realized within a reasonable time. *Wm. H. Heinemann Creameries v. Village of Kewaskum,* 275 Wis. 636, 641, 82 N.W.2d 902, 905 (1957). "The fact that property will receive no present benefit in the sense of actual use of the improvement will not defeat the assessment if benefits are sure to be realized in a reasonable time in the future." *Id.* (quoting 14 McQuillan, The Law of Municipal Corporations sec. 38.33 at 125-27 (3d. ed. 1950)). The trial court had before it conflicting evidence and inferences on the question of benefits and chose to believe the landowner's witnesses in order to resolve the dispute.

*By the Court.*—Judgment reversed and cause remanded for entry of judgment for appellant.