GUNDRUM, J. (dissenting).
¶23 I dissent because Anderson did not "request a hearing ... within 30 days after the date of service of the order" as required by WIS. STAT. § 551.604(2) (2017-18),[1] and this statutory provision and the order DFI served Anderson with on October 24, 2016, sufficiently informed him that he needed to do so to prevent the order from becoming "final" as to him "by operation of law."
Background
¶24 On October 21, 2016, DFI issued a "Summary Order to Cease and Desist Including Restitution and Civil Penalties" against Anderson, The Fiscal Concierge, LLC, The Fiscon Manager, Inc., and James Nickels imposing joint and several liability on Anderson and the others as a result of various violations of Wisconsin's security statutes. On October 24, 2016, DFI mailed the order to Anderson by certified mail. The order informed Anderson inter alia that "[t]he date of the service of this order is the date it is placed in the mail, pursuant to WIS. STAT. § 891.46,"[2] and
if you do not request a hearing and none is ordered by the Administrator within 30 days after the date of service of this order, the findings of fact, conclusions of law, and summary and proposed orders, including the imposition of a civil penalty or requirement for payment of restitution, disgorgement, interest, or the costs of investigation sought in a statement in the order, becomes final by operation of law, pursuant to WIS. STAT. § 551.604(2).
On November 23, 2016, Anderson sent a response by certified mail in which he "formally appeal[ed]" the order. This response was received by DFI on November 28, 2016. At the end of it, Anderson wrote, "I apologize for the late reply on this matter," explaining that he had been dealing with health issues of a family member.
¶25 DFI subsequently notified Anderson that his response, which DFI interpreted as a "request for [a] hearing," was denied because it was "received after the 30 day period had expired," and that DFI had issued the order as a final order. Anderson sought reconsideration, which was denied. He filed a petition for review in circuit court, and the court denied the petition on the basis that DFI correctly determined that Anderson's request for a hearing was untimely. Anderson appeals.
Discussion
¶26 Anderson argues DFI and the circuit court erred in determining that his request for a hearing was untimely. Alternatively, he asserts that if his request was not timely, it was only so because DFI's notice denied him procedural due process by failing to sufficiently notify him that his request had to be received by DFI within thirty days of the October 24, 2016 service of the order. I believe Anderson is incorrect on both points.
¶27 WISCONSIN STAT. § 551.604(2) provides in relevant part:
If a person subject to the order does not request a hearing and none is ordered by the administrator within 30 days after the date of service of the order, the order, including the imposition of a civil penalty or requirement for payment of restitution, disgorgement, interest, or the costs of investigation sought in a statement in the order, becomes final as to that person by operation of law.
Anderson does not dispute that this statute required him to "request a hearing" "within 30 days after the date of service of the order," that the date of service of the order was October 24, 2016, or that, based on that date of service, the last date upon which he could request a hearing was November 23, 2016. His contention is that by placing his response to the order in the mail on November 23, 2016, he satisfied the requirement of "request[ing] a hearing" by that date. I am not persuaded.
¶28 Anderson states, "The ordinary meaning of 'request' is 'ask.' " He then cites the following:
See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE , UNABRIDGED 1929 (1981) (defining "request" as "to ask (as a person or an organization) to do something"); THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1482 (4th ed. 2006) (defining "request" as "[t]o express a desire for; ask for" or "[t]o ask (a person) to do something"); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1219 (1966) (defining "request" as "to ask for, esp[ecially] politely or formally").
Inherent in the term "request," or "ask," is that something is requested/asked of someone. This is either explicit or implicit in each of the dictionary definitions Anderson cites.
¶29 Anderson conceded at oral argument that a request is not made unless it is received by the person to whom one is making the request, in this case DFI. I agree. Following this logic, the obvious conclusion is that a person does not "request a hearing" unless and until the entity from whom the hearing is sought receives the request, in this case that would be DFI receiving Anderson's petition. Anderson would have never "requested" a hearing of DFI if his response had never made it to DFI, whether due to him mistakenly mailing it to an incorrect address or because it simply had gotten lost in the mail. An attempt to request a hearing is not the same as requesting a hearing, and the statute requires that the latter, not just the former, be done within thirty days. Here, Anderson did not "request a hearing" of DFI until his response was received by DFI on November 28, 2016, which was five days beyond the statute's thirty-day time limit, of which he was informed in the order.
¶30 The administrative code provides additional support for my conclusion that a person does not "request a hearing" of DFI until DFI receives the petition seeking a hearing. WISCONSIN ADMIN. CODE § DFI-Sec 8.01 (Sept. 2010) mandates that "[e]very request for a hearing shall be in the form of a petition filed with the division [of securities]."[3] (Emphasis added.) "Filing," in turn, is defined by WIS. STAT. § 551.102(8) as "the receipt under this chapter of a record by the administrator or a designee of the administrator." (Emphasis added.)
¶31 Anderson asserts, without support of any authority, that WIS. ADMIN. CODE § DFI-Sec 8.01 "speaks only to the form of a request and does not purport to define the timeliness of that request." I do not read § DFI-Sec 8.01 as he does. The code provision indicates there is no "request for a hearing" unless a response to a summary order, such as Anderson's response, is "in the form of a petition" and "filed with the division." I see no basis for concluding that "in the form of a petition" is a necessary requirement for a "request for a hearing" to have been made but "filed with the division" is not. Simply put, if the response is in the form of a petition but is mistakenly filed with the Department of Public Instruction instead of DFI, the person has not "request[ed] a hearing" of DFI. Pursuant to the statutes and the code then, DFI must receive a petition seeking a hearing within thirty days of service of the order. Merely placing the petition in the mail, or sending it by some other form of courier, within that thirty-day time period does not suffice. DFI and the circuit court did not err in concluding that Anderson's petition requesting a hearing was untimely.
¶32 In its supplemental response brief, DFI writes:
[I]f simply launching a request within 30 days would be enough to make it "timely," [ WIS. STAT. §] 551.604(2) would be at worst absurd and at best unworkable. The provision reads: "If a person subject to the order does not request a hearing and none is ordered by the administrator within 30 days after the date of service of the order, the order ... becomes final as to that person by operation of law." [Sec.] 551.604(2). If a hearing request could be "timely" as long as it was placed in the mail on the 30th day-but not received until several days later, when the order was already finalized-the administrator would be required to reopen the legally finalized order upon receiving the request. If this were the rule, every order, once finalized, could not become truly final until enough time had passed to guarantee that no request had been "made" within 30 days. The Legislature could not have intended to create such an unworkable and absurd procedure.
I agree. The plain language of § 551.604(2) indicates that the order becomes final "by operation of law" following the thirtieth day after service of it if by that thirtieth day: (1) "a person subject to the order does not request a hearing" or (2) a hearing has not been ordered by the administrator. There is no indication in the statutory language that the legislature intended to create an open-ended time frame for an order to become final "by operation of law" and for the matter to be left unresolved until a petition for a hearing is received on the thirty-second, thirty-fourth or thirty-ninth day after service of the order, if received at all. The legislature provided for a clear and certain deadline following which the order would become final if neither of the above two events occurred.
¶33 Anderson also contends his due process rights were violated because he did not receive adequate notice as to when his response needed to be received by DFI. I disagree. In all relevant respects, the order Anderson received tracked the language of WIS. ADMIN. CODE § DFI-Sec 8.01 and WIS. STAT. § 551.604(2) nearly word for word:
D. Notice of Hearing Rights
(a.) PLEASE TAKE NOTICE that you have the right to request a hearing. Every request for a hearing shall be in the form of a petition filed with the Division, pursuant to WIS. ADMIN. CODE § DFI-Sec 8.01....
....
(c.) PLEASE TAKE FURTHER NOTICE that if you do not request a hearing and none is ordered by the Administrator within 30 days after the date of service of this order, the findings of fact, conclusions of law, and summary and proposed orders, including the imposition of a civil penalty or requirement for payment of restitution, disgorgement, interest, or the costs of investigation sought in a statement in the order, becomes final by operation of law, pursuant to WIS. STAT. § 551.604(2).
Like § 551.604(2) and § DFI-Sec 8.01, this language notified Anderson that if he wanted to exercise his right to have a hearing, he had to file a petition requesting one with the division within thirty days following service of the order. As indicated, this necessarily meant that a request for a hearing had to be received, not just mailed, within that thirty-day time frame. The language further informed Anderson that if he failed to request a hearing within that time frame, the order and all requirements and effects therein would become final "by operation of law" and it identified the precise administrative code provision and statutory provision from which the authority came. The information provided by the order adequately notified Anderson of what he must do if he wanted a hearing and thus satisfied his due process rights. See Estate of Wolff v. Town Bd. of Weston , 156 Wis. 2d 588, 592, 457 N.W.2d 510 (Ct. App. 1990) ("A notice must be sufficient to enable the recipient to determine what he must do to prevent the deprivation of his interest.").
¶34 Anderson asserts that he in part had the "impression" that his request for a hearing was timely because the summary order informed him that the "date of service" of the order by DFI was the date DFI placed it in the mail to Anderson. He contends "[a] reasonable person would conclude that, in making his request for a hearing, he or she was entitled to the same timing rules as was DFI." I am not persuaded. The language of the order to which Anderson refers addresses "service" of the order, and the statute to which the order cited, WIS. STAT. § 891.46, also refers to "service." But when addressing Anderson's opportunity to request a hearing, no mention of "service" is made. Rather, the order, as well as the statute and administrative code to which it refers with regard to actions Anderson must take, spoke only to Anderson "request[ing] a hearing," and informed him that to make such a request, he had to file a petition with DFI.
¶35 Although not determinative of my view of this case, the sufficiency of the notice to Anderson is underscored by the fact that Anderson himself appeared to have understood that his petition seeking a hearing needed to be received by DFI within the thirty-day time period following DFI's service of the order. As the circuit court noted, in his petition-again, which Anderson placed in the mail on the thirtieth day, November 23, 2016-Anderson states, "I apologize for the late reply on this matter," adding that he was dealing with health issues related to a family member. It would indeed be odd for a person to admit to the relevant enforcement agency that his/her reply was "late" if he/she in fact believed it was timely, as Anderson now argues.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Stat. § 891.46 provides that
[u]nless otherwise specifically provided by state or rule adopted under [ Wis. Stat. §] 751.12, ... notices, ... and other papers required or authorized to be served by mail in ... administrative proceedings are presumed to be served when deposited in the U.S. mail with properly affixed evidence of prepaid postage.

Wisconsin Stat. § 551.605(1) provides that the administrator may "[b]y rule, define terms, whether or not used in this chapter, but those definitions may not be inconsistent with this chapter."