Action commenced June 27, 1947, by the Van Rooy Printing Company, a corporation, against the Harvey Pierre Post. No. 2778 of the Veterans of Foreign Wars of the United States, a corporation, to recover amounts on a contract for the printing of a book being published by the defendant. Plaintiff's motion for summary judgment was granted and judgment entered September 25, 1947, awarding plaintiff $8,398.22, damages and costs. Defendant appeals.
The defendant is the Appleton, Wisconsin, Post of the Veterans of Foreign Wars. At one of its meetings prior to June 10, 1946, one Carl Rehfeldt was delegated to investigate the feasibility of the organization sponsoring the sale of a book compiled by one Evelyn Edythe Nelson, entitled Appleton in World War II. The book was represented as being a history of all men and women of Appleton who served in the United States armed forces during World War II. The *Page 525 
minutes of the regular meeting of the Post on June 10, 1946, which are set out in one of the affidavits, show that then a motion was duly carried "that the sponsorship be accepted and that a permanent committee be appointed to handle the sale." At the same meeting the Post authorized an expenditure of $55 for advertising the book in a special edition of the local paper.
A contract, dated August 1, 1946, was entered into between the plaintiff and the defendant, providing in part as follows:
"1. It is hereby agreed that said Van Rooy Printing Company shall print and deliver to the publisher [Harvey Pierre Post No. 2778, Veterans of Foreign Wars of the United States] five thousand (5,000) copies of a book called `Appleton in World War II,' being a history of all men and women of Appleton, Wisconsin, who served in the armed forces of the United States during World War II, with specifications as follows:
". . . proof to be read by Evelyn Edythe Nelson, author.
"2. The said printer agrees to print, bind and deliver said book at a price of $1.45 to $1.65 per copy, and to have the said publication ready to deliver to purchasers of said publication within four (4) months from the date of this agreement. If cost exceed $1.45, printer should show cause why.
"3. It is agreed that the said publication as printed shall be delivered to the publisher in instalments, the first instalment of five hundred (500) to be delivered to the publisher on credit. The publisher agrees to pay two thousand dollars ($2,000) to the printer for each preceding instalment of five hundred (500) copies delivered until eighty per cent of total amount due printer shall be paid, balance of twenty per cent when full delivery is made."
This contract, which is the subject of this litigation, was signed by the president and secretary of the plaintiff corporation and by the commander and adjutant of the defendant. Mr. Carl Rehfeldt was one of the witnesses to the contract.
The minutes of the August 12, 1946, meeting of the Post show that, "Terms of the contract with the printer and agreement with author were read." A resolution was then adopted *Page 526 
empowering and directing the commander and the adjutant to enter into a contract with the author.
The first instalment of five hundred books was delivered on or about December 1, 1946. The book did not sell well because many names were omitted and there were inaccuracies in the treatment of military records. The defendant did not take any more than the first instalment. The plaintiff, however, had completed its performance, except for the binding of some of the volumes, when it learned that defendant would accept no further deliveries.
Plaintiff brought this suit to recover the contract price of $1.65 for each of five thousand books, less $300 previously paid on account by the defendant.
On plaintiff's motion for summary judgment affidavits were filed by both parties, and on September 25, 1947, it was "ordered and adjudged that the plaintiff . . . do have and recover of the defendant the sum of seven thousand nine hundred and fifty dollars ($7,950), with interest thereon from the 1st day of December, 1946 . . . ($322.22) . . . together with its costs. . . ."
As appears from paragraph one of the contract, set out in the statement of facts above, the appellant legally bound itself to become publisher of five thousand copies of a book called, Appleton in World War II. The price was clearly agreed upon in paragraph two of the contract. The terms of paragraph three, relating to delivery and payment by instalments, do not alter the obligations arising under paragraphs one and two.
All that was submitted on the hearing for summary judgment shows that the obligations of appellant are definitely *Page 527 
fixed by the contract; that by the terms there agreed upon the appellant is bound to pay for the copies of the book ordered. The books have been printed by the one engaged to do the printing. Five hundred volumes have been delivered. The rest are ready, and delivery has been offered. The appellant has paid upon account $300, and a balance of $7,950 is past due, as determined in the circuit court.
Upon the motion for summary judgment the appellant, in opposition, failed to meet the showing made by respondent. The contention that there was a lack of authority in the officers to make the contract and other like objections are not in any way substantial, as an examination of appellant's minutes as well as the payment on account reveal.
The court being properly convinced by the proofs submitted that respondent's cause of action is established and the opposing party having failed to show facts that can be deemed sufficient to entitle appellant to a trial, judgment was granted. See sec. 270.635(2), Stats. 1945.
By the Court. — Judgment affirmed. *Page 528