CITY OF RACINE, Appellant, v. TOWN OF MOUNT PLEASANT, Respondent.*

*No. 245. Argued November 28, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 60.)

* Motion for rehearing denied, with costs, on March 5, 1974.

For the appellant there were briefs by *Jack Harvey,* city attorney, and *Edward A. Krenzke,* deputy city attorney, and oral argument by *Mr. Krenzke.*

For the respondent there was a brief and oral argument by *William E. Dye,* town attorney.

HANLEY, J.   The sole issue presented on this appeal is whether the trial court erred in determining that, pursuant to the contract, the city's right to adjustment of its billings to conform to its actual cost of treatment applied prospectively only.

The trial court held that the following provision:

"The town agrees to make payment quarterly. The quarters upon which billing shall be based shall commence on the first days of the months of January, April, July and October of each year. The quarterly payment next following the completion of the redetermination of the city's cost shall be adjusted either upward or downward to reflect any adjustment made necessary on account of said redetermination. Following said rede-

termination of the city's cost, the quarterly payments shall thereafter be made by the town to the city in accordance with such redetermined cost."

is unambiguous and permitted the city to adjust its billing so as to reflect the actual cost prospectively only. We think the trial court was in error and that the city, under the contract, is permitted to adjust its present quarterly billing to reflect the *actual cost* for treatment of the town's sewage in a previous calendar year.

In determining the rights and obligations of a contract, a court must apply each provision of the contract. Each provision of the contract should be applied in establishing the obligations of the contract and a specific provision of that contract establishing one obligation of that contract should not be applied in determining the other contractual obligations established by other provisions of that contract. The provisions of a contract establishing the terms of payment do not alter other provisions of the contract establishing the obligation of payment or the amount of payment. *Van Rooy Printing Co. v. Harvey Pierre Post* (1948), 252 Wis. 524, 32 N. W. 2d 329.

The contract in this action consisted of three provisions. The first provision establishes the town's obligation of payment.

"[T]he Town agrees to pay to the City the charges for said service as are established or calculated as hereinafter provided."

The second provision established the amount of "charges" to be paid.

"The Town agrees to pay to the City . . . a total charge which shall be computed as follows:
"(a) 150% of the pro rated cost of operating the City of Racine Sewage Disposal System . . . . The pro rated cost basis shall be in the proportion that the treated

gallonage emanating from the Town, as shown by the metered flow thereof, bears to the total gallonage treated by the City in the Calendar year;

"(b) . . .

"(c) . . .

". . . the annual computation shall be made upon the actual cost therefor."

The third provision established how the town's payments should be adjusted to reflect the charge of the actual cost and when said payments should be made.

"The Town agrees to make payment quarterly. . . . The quarterly payment next following the completion of the redetermination of the City's cost shall be adjusted . . . to reflect any adjustment made necessary on account of said redetermination . . . of the City's [actual] cost . . . ."

In determining the rights and obligations under said contract, all three provisions must be given effect. In so doing, it is clear the contract requires the town to pay its proportionate share of the actual cost of sewage treatment for each calendar year. The terms of the payment of the charge for service require quarterly payments of the estimated actual cost for that quarter with an adjustment in a future quarterly payment in another calendar year for the actual cost of sewage treatments in a previous calendar year.

The trial court erred in determining the rights and obligations under such contract by limiting its attention solely to the provisions of the contract which established the terms of payment and the procedure for adjustment of those payments. The result of such action on the part of the trial court was its failure to give effect to the provision of the contract which established the amount or "charges" to be paid by the town. This was error.

We conclude that the judgment of the trial court must be reversed and the case remanded to the trial court with directions to enter judgment in favor of the city in the

amount of $183,871.47 plus interest for sewer services rendered during the last three quarters of 1969 and the first quarter of 1970.

In a final contention the respondent argues that the city, by providing sewage treatment, is subject to the same duties and obligations as a public service system or utility. As such, the respondent contends, rates charged by the public service system or utility are prospective in application only.

This contention is without merit. The city is not acting in the relationship of a public service system or utility with the town. Rather, the city is acting under an agreement with the town made pursuant to sec. 66.30 (2), Stats., which permits certain co-operative intergovernmental activities.

"Any municipality may contract with another municipality . . . for the receipt or furnishing of services or the joint exercise of any power or duty required or authorized by statute."

The relationship of the town and the city under such an arrangement is strictly that of contracting parties. The relationship contended by the respondent is in no way involved. Sec. 196.01 (1), Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment consistent with this opinion.