COURT OF APPEALS
DECISION
DATED AND FILED

May 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP20**

Cir. Ct. No. **2024CV288**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

SANITARY DISTRICT NO. 2 OF THE TOWN OF SHELBY,

  PLAINTIFF-APPELLANT,

 V.

CITY OF LA CROSSE,

  DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The City of La Crosse ("the City") provided the Sanitary District No. 2 of the Town of Shelby ("the District") with sewage

treatment services pursuant to a 2004 agreement between the municipalities. Under the agreement, the District could add, as needed, new sewer connections. When the 2004 agreement expired in 2020 and the City and the District could not reach a new agreement, the City continued to provide the same level of service that it had at the time the contract expired. But going forward, the City refused to provide service for new sewer connections in the District. The District brought an action against the City, claiming that the City has a common law duty to serve, which the District argued requires the City to continue to provide services consistent with the expired agreement, including for new sewer connections. The circuit court granted summary judgment in favor of the City and the District appeals.

¶2 We conclude that, under *City of Racine v. Town of Mount Pleasant*, 61 Wis. 2d 495, 213 N.W.2d 60 (1973), the City is not subject to a common law duty to serve that would require the City to continue providing services to the District consistent with the expired agreement because the City provided sewage treatment services to the District pursuant to an intergovernmental contract, namely, the 2004 agreement. Accordingly, we affirm.

## BACKGROUND

¶3 The District is a town sanitary district within the Town of Shelby that was created as a municipal corporation by the Shelby town board under WIS. STAT. ch. 60 (2023-24).[1] *See* WIS. STAT. § 60.71(1)(a) (authorizing town boards to establish town sanitary districts); WIS. STAT. § 60.77(4) (stating that sanitary

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

districts "may project, plan, construct and maintain a water, solid waste collection and sewerage system … necessary for the promotion of the public health, comfort, convenience or welfare of the district"). The District borders the City.

¶4 The City owns and operates a sewage system that includes a collection system and treatment plant. For decades, beginning in the 1950s, the District contracted with the City for the treatment of sewage generated in the District. Most recently, in 2004, the District and the City entered into an agreement pursuant to which the City agreed to treat and dispose of sewage generated in a geographically defined area of the District. Under the agreement, the City provided services for both existing and also new connections to the sewage system, and the District paid the City based on the number of residences receiving services. The parties ultimately extended the 2004 agreement to March 2020.

¶5 The District and the City were unable to reach an agreement for the treatment of sewage in the District after the 2004 agreement expired in 2020. The City then enacted ordinances that addressed the manner in which the City would provide sewage treatment services to municipalities with expired contracts, such as the one between the City and District. Each of the ordinances limits the scope of the City's obligation to provide sewage treatment services to those services that were provided when the applicable sewage treatment contract expired. The ordinances also state that the City will not permit any increase in the volume of sewage treated from the adjoining municipality with an expired contract, and that the City will not accept for treatment any sewage from any extension or new connection to the other municipality's collection system. Consistent with these ordinances, the City has refused to provide services for new sewer connections in the District.

3

¶6      The District brought this action against the City, alleging that the City has an obligation to continue to provide sewage treatment services to the District consistent with the expired 2004 agreement because the City has a common law duty to serve the District.  The District also alleged that because of this common law duty to serve, the City's ordinances violate WIS. STAT. § 66.0813(3)(a).  *See* § 66.0813(3)(a) ("[A] city, village or town may by ordinance fix the limits of utility service in unincorporated areas.…  No ordinance under this paragraph is effective to limit any obligation to serve that existed at the time that the ordinance was adopted.").

¶7      Both the District and the City moved for summary judgment.  The circuit court granted summary judgment in favor of the City.  The District appeals.

## DISCUSSION

¶8      Summary judgment is proper when the summary judgment materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2).  "We review summary judgment decisions de novo, applying the same methodology as the [circuit] court."  *Kiss v. General Motors Corp.*, 2001 WI App 122, ¶9, 246 Wis. 2d 364, 630 N.W.2d 742.  Here, the parties agree that there is no genuine issue as to any material fact and that summary judgment is thus appropriate, but they dispute which party is entitled to summary judgment.  This, in turn, depends on whether the City has a common law duty to provide the District with the same services it provided under the expired contract.  For the reasons that follow, we conclude that the City has no such common law duty and that the court therefore properly granted summary judgment in favor of the City.

¶9      A public utility's duty to serve is codified in Wisconsin's Public Utilities Law, WIS. STAT. ch. 196, at WIS. STAT. § 196.03(1), which states generally that "a public utility shall furnish reasonably adequate service and facilities." *See, e.g.*, *City of Sun Prairie v. PSC*, 37 Wis. 2d 96, 100, 154 N.W.2d 360 (1967) (referring to the predecessor to ch. 196 as "the Public Utilities Law"). Our supreme court has interpreted this language as being "plainly declaratory of the common law," pursuant to which "persons or corporations who … carry on the business of a public utility" have "a legal duty to furnish reasonably adequate service at reasonable rates and without discrimination to all who are entitled to apply for service." *Krom v. Antigo Gas Co.*, 154 Wis. 528, 533, 140 N.W. 41, 43-44, *modified on reargument*, 154 Wis. 528, 143 N.W. 163 (1913).  Notably, WIS. STAT. § 196.01(5)(a) specifically excludes a governmental unit from the definition of a "public utility" in this context.  It defines "public utility" as including "any person, *except a governmental unit*, who furnishes services by means of a sewerage system either directly or indirectly to or for the public."  (Emphasis added.)  The parties do not dispute that the City, in providing sewage services to the District, falls under this exception and is therefore not a "public utility" under § 196.01(5)(a).  Consistent with this, the parties agree that the City is not subject to a duty to serve under ch. 196.

¶10     Instead, the District argues that the City has a *common law duty* to provide treatment services to the District consistent with the expired 2004 agreement.  We reject this argument as foreclosed by *City of Racine*: specifically, because the City was providing sewage treatment services to the District pursuant

to an intergovernmental contract (the 2004 agreement), the City is not subject to a common law duty to serve.[2]

¶11  In *City of Racine*, the City of Racine provided sewage treatment services to the Town of Mount Pleasant under a contract between the municipalities pursuant to the precursor statute to WIS. STAT. § 66.0301(2), which allows municipalities to contract for services or for the joint exercise of any power or duty required or authorized by law. *Id.* at 503. A dispute arose as to whether the City of Racine could, under the contract, retroactively adjust what it charged to reflect its actual costs. *Id.* at 500. In arguing that the City of Racine could adjust its rates under the contract only prospectively, the Town of Mount Pleasant argued that the City of Racine, "by providing sewage treatment, [is] subject to the same duties and obligations as a public service system or utility," and that as a result it could adjust its billings only prospectively. *Id.* at 503. Our supreme court rejected that argument, stating: "The City is not acting in the relationship of a public service system or utility with the Town. Rather, the City is acting under an agreement with the Town made pursuant to [the predecessor to § 66.0301(2)], which permits certain co-operative intergovernmental activities." *Id.* The court concluded, "The relationship of the Town and the City under such an arrangement

---

[2] The City argues in the alternative that it is entitled to summary judgment because utilities' service obligations are governed solely by statute, specifically, WIS. STAT. chs. 196 and 197. According to the City, if there were a common law duty to serve that applied to municipal sewage services, the explicit exclusion of municipal sewage services from the definition of "public utility" in WIS. STAT. § 196.01(5)(a) would abrogate that duty. Because we conclude that no common law duty to serve applies here, we need not address whether the common law duty has been abrogated by statute. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) (we need not address every issue when one is dispositive).

is strictly that of contracting parties. The relationship contended by the [the Town] is in no way involved." ***Id.***

¶12 Here, the City argues that ***City of Racine*** controls and forecloses the District's argument because the City provided sewage services to the District pursuant to an intergovernmental contract. We agree. In ***City of Racine***, as stated, the parties contracted with one another pursuant to the predecessor to WIS. STAT. § 66.0301(2), the same statute pursuant to which the City and the District contracted with each other here. And as the District does here, the Town of Mount Pleasant argued that the City of Racine was serving as a public utility and was therefore subject to the duties and obligations of a public utility. ***Id.*** In rejecting this argument, the ***City of Racine*** court explicitly concluded that when municipalities contract for the provision of sewage treatment services, their relationship "is strictly that of contracting parties" and that "the relationship of a public service system or utility" is "in no way involved." ***Id.*** at 503.

¶13 The District argues that ***City of Racine*** does not control here because the court in that case did not address the duty to serve and reached the above-quoted conclusion when deciding a different issue—namely, whether the City of Racine could, under the contract, make retroactive billing adjustments to reflect actual costs for the previous year or whether it was limited to adjusting its billings prospectively because it was acting as a public utility. However, in rejecting the Town of Mount Pleasant's argument discussed above, the court more broadly stated that a municipality providing services to another municipality pursuant to an inter-municipality agreement is not subject to the duties and obligations of a public utility. It is precisely one of those duties, the common law duty to serve, that the District here seeks to impose on the City. The broadly stated conclusion in ***City of Racine*** resolves the issue in this case. Under ***City of Racine***, because the City

provided services to the District pursuant to an intergovernmental contract, no common law duty to serve applies.

¶14 The District also argues that *City of Racine* does not control because, after stating that the relationship between the Town of Mount Pleasant and the City of Racine was "strictly that of contracting parties" and that a public-utility relationship was "in no way involved," the *City of Racine* court cited WIS. STAT. § 196.01(1), which at that time defined "public utility" and, as now, excluded municipal sewage systems from that definition. *See id.* at 503; § 196.01(1) (1971-72). The District argues that "[this] citation demonstrates that [*City of*] *Racine* holds only that a [sewage] treatment facility is not within [WIS. STAT. ch.] 196's definition of 'public utility.'" The District further notes that both now and at the time that *City of Racine* was decided, ch. 196 specifically prohibited public utilities from billing retroactively. *See* WIS. STAT. § 196.37; WIS. STAT. § 196.37 (1971-72); *see also* **Kimberly-Clark Corp. v. PSC**, 110 Wis. 2d 455, 463, 329 N.W.2d 143 (1983) ("Section 196.37(1) [(1975)] … expressly limits the PSC's authority to setting rates prospectively only."). From these points, the District argues that the *City of Racine* court based its conclusion on the statutory definition of "public utility" because the court was addressing an obligation that was imposed by statute, whereas here, the District relies on an obligation—the duty to serve—which the District argues is imposed at common law. Therefore, according to the District, we should narrowly interpret *City of Racine* to stand for the proposition that the statutory prohibition on retroactive billing in § 196.37 (1971-72) did not apply because the City of Racine was not a "public utility" for purposes of ch. 196. We now explain why we reject the District's arguments that are based on the single citation to WIS. STAT. § 196.01 in *City of Racine*.

¶15    We first observe that the statutory prohibition on retroactive billing, WIS. STAT. § 196.37 (1971-72), is not mentioned in the *City of Racine* opinion. Moreover, nothing in the opinion suggests that there could be a different outcome based on the application of common law rather than WIS. STAT. ch. 196. Indeed, an equally plausible interpretation of the *City of Racine* court's citation to the definition of "public utility" in WIS. STAT. § 196.01(1) is that the *only* duties and obligations to which a public utility is subject are those found in ch. 196, and, as stated, municipal sewage systems are not included in the statutory definition of "public utility" in § 196.01. Further, the holding in *City of Racine* is far broader than the District's narrow interpretation: the court stated without qualification that when one municipality contracts with another to provide sewage treatment services, the municipality providing services is not subject to the duties and obligations of a public utility, and the relationship is only that of contracting parties. *City of Racine*, 61 Wis. 2d at 503. Regardless of the authorities relied on in making these statements, we are bound by the language that the court used. The court could have limited its conclusion to a public utility's obligation to bill prospectively. It did not, and instead the court determined that none of the duties and obligations of a public utility apply.

¶16    We reject the District's challenge to the City's ordinances based on the same reasoning. This challenge also relies on the premise that the City has a common law duty to serve. Because we conclude that the City is not obligated to continue to provide sewage treatment services pursuant to the contract after the contract's expiration, it necessarily follows that the City has not violated WIS. STAT. § 66.0813(3)(a), which states: "[A] city, village or town may by ordinance fix the limits of utility service in unincorporated areas.… No ordinance under this

paragraph is effective to limit any obligation to serve that existed at the time that the ordinance was adopted."

¶17    For these reasons, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.